MILLER *v.* MILLER.

1. NEGLIGENCE—QUESTION FOR TRIER OF FACTS.
   Generally, the question of negligence in a personal injury case is a question of fact and not of law.

2. JUDGMENT—SUMMARY JUDGMENT—NEGLIGENCE.
   Summary judgment procedures are rarely applicable to common-law negligence cases (GCR 1963, 117.2[3]).

3. NEGLIGENCE—DIRECTED VERDICT.
   A trial court may determine as a matter of law that no cause for action exists in a negligence action when there is no genuine issue as to any material fact (GCR 1963, 117.2).

4. SAME—DUTY OF POSSESSOR OF LAND TO DISCLOSE DEFECTS TO INVITEES.
   A possessor of land has the duty to disclose to a gratuitous invitee any dangerous defects known to the possessor and which were likely to be undiscovered by the invitee.

5. SAME—QUESTION FOR TRIER OF FACTS—UNDISPUTED EVIDENTIARY FACTS.
   The ultimate fact of negligence is to be drawn by the jury even where evidentiary facts are undisputed, where reasonably prudent persons might draw different inferences as to whether the conduct thereby disclosed was that of a prudent person.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 5, 7, 8]  38 Am Jur, Negligence §§ 344, 345.
[2]  41 Am Jur, Pleading § 341.
[4]  38 Am Jur, Negligence §§ 96, 97.
[6]  38 Am Jur, Negligence § 2.

6. SAME—DEFINITION.

Negligence consists of a want of that reasonable care which would be exercised by a person of ordinary prudence under all the existing circumstances, in view of the probable danger of injury.

7. SAME—UNDISPUTED EVIDENTIARY FACTS—QUESTION FOR JURY.

The issue of negligence must be submitted for jury determination unless a judge can properly say that all reasonable men would agree from the undisputed evidentiary facts that there was or was not negligence.

8. SAME—DANGEROUS CONDITION OF PREMISES—SCREEN DOOR—QUESTION FOR JURY.

Whether or not defendant, possessor of land, whose screen door was near edge of porch and stuck shut when plaintiff attempted to pass constituted a dangerous defect likely not to be discovered by plaintiff and whether or not defendant's advice to plaintiff to kick the door open was an act of negligence under the circumstances were matters for jury determination, since reasonable men might have different views thereof, hence, summary judgment for defendant was reversible error.

DETHMERS, KELLY, and O'HARA, JJ., dissenting.

Appeal from Bay; Smith (Richard G.), J. Submitted February 6, 1964. (Calendar No. 48, Docket No. 50,461.) Decided September 2, 1964.

Case by Lillian Miller against Donald Miller and Norma Miller for personal injuries sustained in forcing open a sticking door. Summary judgment for defendants. Plaintiff appeals. Reversed and remanded.

*John W. Piggott,* for plaintiff.

*Walter J. Barkey,* for defendants.

KELLY, J. (*dissenting*). Appellant brought suit against her son and his wife, appellees herein, to recover damages for personal injuries allegedly suffered as a result of defendants' negligence.

Plaintiff had gone to her son's home for a social visit and to deliver clothing for his children. As she attempted to leave, she discovered the front porch screen door was stuck and would not open. She tried pushing against the door with a basket she was carrying and when this did not open the door, she tried unsuccessfully to push the door open with her right hand. Plaintiff was then advised by her son to "give it a kick, it sticks sometimes," whereupon the door opened suddenly, hurtling plaintiff out the door and down the steps with the result that she suffered injuries to her back.

Plaintiff filed her declaration on June 7, 1962, alleging that defendants owed to plaintiff a duty to maintain the premises in a reasonably safe condition, to warn of any existing dangerous conditions, and to refrain from creating and maintaining any trap-like conditions, including the sticky porch door.

Depositions of plaintiff and her son, Donald Miller, were taken in February, 1963. Plaintiff testified that the porch door stuck as she attempted to leave; that she was carrying a basket in her hands and so first gave the door a kick after having unsuccessfully pushed against the door with the basket, and then with her right hand; that as a result of her kick the door opened quickly and she tumbled out through the door.

On February 26, 1963, defendants filed motion for summary judgment arguing that plaintiff was a social guest in their home; that "if a door which sticks is considered to be a 'trap' or 'hidden defect' plaintiff was warned by the defendants and had actual knowledge at the time of the accident, of the condition of the door", and, therefore, that defendants are "entitled to a summary judgment as a matter of law."

The trial court in a written opinion filed June 25, 1963, granted defendants' motion for summary

judgment, agreeing with defendants' contention that the plaintiff was a social guest and, under Michigan law, a licensee with respect to whom the owner of the premises has the duty to use ordinary care to prevent injury arising from said owner's active negligence, and to warn of hidden perils. The court determined that viewing the facts in a light most favorable to plaintiff, it could not be said that defendants were guilty of active negligence, nor could it be said that if the porch door was a trap that plaintiff was not aware of such. The court also held plaintiff guilty of contributory negligence as a matter of law.

On July 19, 1963, judgment was entered in favor of defendants.

Plaintiff now appeals, conceding "that she was a social guest, and that defendants owed to her only ordinary care; to warn of hidden perils; to refrain from wilfully and wantonly causing her harm; and to refrain from injuring her through active negligence." Plaintiff contends however that the sticky door, because of its proximity to the edge of the porch, and the fact that it opened outward was a " 'trap-like' condition" and that under these circumstances, coupled with the instruction from her son to "kick the door" and her prior lack of knowledge of the sticky condition, a fact question was presented for the jury as to defendants' negligence and plaintiff's contributory negligence.

Plaintiff also argues that for the trial court to rule on the motion based on discovery depositions alone that plaintiff was guilty of contributory negligence as a matter of law without considering all of the factors, is a deprivation of plaintiff's right to a jury trial.

By her foregoing concessions, plaintiff has placed upon her host that duty which is set forth in 25 ALR2d 598, 600 as follows:

"The results of the cases display a commendable unanimity in holding that a social guest injured by a defect in the premises may not recover against his host in the absence of evidence establishing something more than ordinary negligence in the maintenance of the premises. More specifically, it has been held that a guest can recover only where his injury is the result of active and affirmative negligence of the host while the guest was known to be on the premises, or of the failure of the host to remove or warn against defects amounting to a trap or pitfall known by the host to present a danger to the guest, and which he also knows the guest will not, in the exercise of reasonable care, discover and avoid for himself."

See, also, 38 Am Jur, Negligence, § 117, p 778.

The depositions of plaintiff and defendant Donald Miller clearly support the trial court's finding that defendants were not guilty of active negligence, nor were they guilty of wilfully or wantonly causing plaintiff harm, or of failure to warn of hidden perils. We also agree with the trial court's finding that absent the question of defendants' negligence, the plaintiff is guilty of contributory negligence as a matter of law. The deposition of plaintiff clearly indicates that she knew the door was difficult to open and yet she persisted in attempting to kick it open while holding a basket in her hands.

In *Jones* v. *Michigan Racing Association,* 346 Mich 648, 651, we quoted with approval from *Rice* v. *Goodspeed Real Estate Co.,* 254 Mich 49, 55, wherein we said:

" 'One who knows or in the exercise of ordinary care should have known the existence of danger from which injury might reasonably be anticipated and who by his voluntary acts or omissions exposes himself to such danger is guilty of negligence, if under the circumstances an ordinarily prudent per-

son would not have incurred the risk of injury which such conduct involved.'"

Plaintiff's contention that the trial court should not have granted defendants' motion for summary judgment under GCR 1963, 117.3 is without merit.

The judgment should be affirmed. Costs to appellees.

DETHMERS and O'HARA, JJ., concurred with KELLY, J.

SOURIS, J.

"As a general rule, it can not be doubted that the question of negligence is a question of fact and not of law". *Detroit & Milwaukee R. Co.* v. *Van Steinburg,* 17 Mich 99, 118.

It is because the question of negligence is a question of fact and not of law and because its existence depends upon conformance with or violation of standards of behavior peculiarly within the special province of a jury to determine, that the summary judgment procedures of GCR 1963, 117.2(3), rarely will be applicable to a common-law negligence case. Exceptions, of course, may be found—such as where no duty of care can be proved. In such circumstances, assuming there "is no genuine issue as to any material fact" relevant to the existence of an asserted duty, the trial court may determine as a matter of law that no cause for action exists. But this is not such a case.

Here, a jury properly could find that plaintiff was, at the very least, a gratuitous invitee upon defendants' land and, if it did so find, the trial court would advise it that defendants' duty to plaintiff required they exercise reasonable care to disclose to her dangerous defects which were known to them and were likely to be undiscovered by plaintiff. 2

Restatement of Torts, § 342; *Samuelson* v. *Cleveland Iron Mining Co.*, 49 Mich 164, 170 (43 Am Rep 456); and *Nezworski* v. *Mazanec*, 301 Mich 43, 61. It is this duty the trial court assumed the right to say as a matter of law was not breached by defendants when he entered summary judgment in their favor. But it is this very question of breach of duty—of negligence—which is a question of ultimate fact for jury determination. While it is true that the evidentiary facts apparently were undisputed, nonetheless the ultimate fact of negligence depended upon the inferences a jury would draw from such evidentiary facts and upon its judgment whether the conduct disclosed by such evidentiary facts and inferences met the standard of prudence attributable to a reasonably prudent man. In *Van Steinburg, supra*, Mr. Justice COOLEY wrote, at 118, 119:

"Negligence, as I understand it, consists in a want of that reasonable care which would be exercised by a person of ordinary prudence under all the existing circumstances, in view of the probable danger of injury. The injury [*sic:* inquiry (?)] is, therefore, one which must take into consideration all these circumstances, and it must measure the prudence of the party's conduct by a standard of behavior likely to have been adopted by other persons of common prudence."

Unless a judge properly can say that all reasonable men would agree from the undisputed evidentiary facts that there was or was not negligence, the issue must be submitted for jury determination (*Grand Trunk R. Co.* v. *Ives* [1892], 144 US 408, 417 [12 S Ct 679, 36 L ed 485]), and judgment under the provisions of GCR 1963, 117.2(3) must be denied. It should have been denied in this case. Whether the defective door, considering its proximity to the edge of the porch, was a dangerous defect and wheth-

er it and the risks of harm it created were likely to be discovered by plaintiff in time to avoid injury were fact questions for jury determination concerning which it is highly likely reasonable men might differ. Whether defendant Donald Miller's advice to plaintiff, that the door stuck occasionally and to kick it, was reasonably prudent under all of the circumstances likewise can be expected to arouse some differences of view among reasonable men. Accordingly, it was error for the trial judge summarily to pre-empt this fact question from jury determination.

Reversed and remanded. Costs to appellant.

Kavanagh, C. J., and Smith and Adams, JJ., concurred with Souris, J.

Black, J., took no part in the decision of this case.