DURANT v. STAHLIN.

APPEAL *in re* KING, BASHARA, MERRELL, and WALDRON.

1. JUDGMENT—SUMMARY JUDGMENT.

The mover for summary judgment in a tort case must make out by affidavit, deposition, or controlling admission, or some forceful combination thereof, such a clear case for summary judgment as to leave no doubt as to his right to judgment upon instruction should the pleaded case with its presented issues go to duly demanded jury trial (GCR 1963, 117).

2. SAME—MOTION FOR SUMMARY JUDGMENT.

Defendants' motions for summary judgment were improperly granted merely because plaintiff failed to meet the defendants' affidavits by nonconclusionary affidavit or affidavits in opposition, or by other counter showing permitted by court rule (GCR 1963, 117).

3. LIBEL AND SLANDER—DEFAMATION OF REPUTATION—INTERFERENCE WITH POLITICAL ACTIVITY.

Averment in declaration in action for libel that exhibit attached thereto had been uttered in furtherance of a conspiracy to injure the good name, fame, credit, and reputation of plaintiff

REFERENCES FOR POINTS IN HEADNOTES

[1, 4–6, 8] 41 Am Jur, Pleading § 340 *et seq.*
Constitutionality of statute or rule of court providing for summary judgment unless affidavit of merits is filed. 69 ALR 1031, 120 ALR 1400.
[2] 41 Am Jur, Pleading § 342.
[3] 33 Am Jur, Libel and Slander § 83.
[7] 53 Am Jur, Trial §§ 158, 282, 293.
[9] 14 Am Jur, Costs § 95.

in the community and to drive him out of political activity; in complete disregard of the truth and that defendants caused it to be circulated thereby interfering with his constitutional right *held*, to have stated a cause of action.

4. JUDGMENT—LIBEL AND SLANDER—COUNTER AFFIDAVIT TO SUMMARY JUDGMENT.

Counter affidavit by plaintiff in opposition to defendants' motion for summary judgment in action for libel, which reasonably informed defendants of the nature of the cause of action they were called upon to defend, that of conspiring to libel, was sufficient to resist summary judgment addressed to the sufficiency of such pleading (GCR 1963, 117).

5. SAME—SUMMARY JUDGMENT—COUNTER AFFIDAVITS.

On summary judgment the inferences to be drawn from the underlying facts contained in the counter affidavits must be viewed in the light most favorable to the party opposing the motion (GCR 1963, 117).

6. SAME—SUMMARY JUDGMENT—CONSTRUCTION OF COURT RULES.

A court should be slow to grant summary judgment and the court rules governing the procedure therefor are to be construed strictly (GCR 1963, 117).

7. TRIAL—CREDIBILITY OF INTERESTED WITNESS—QUESTION FOR TRIER OF FACTS.

The mere fact that a witness is interested in the result of a suit is deemed sufficient to require the credibility of his testimony to be submitted to the jury as a question of fact.

8. SAME—JURY—CREDIBILITY OF INTERESTED AFFIANT.

Trial by jury, rather than trial by affidavits, must be had, where affiant is interested in the outcome of action for libel, hence, motion for summary judgment was improperly granted, where declaration stated a cause of action and motion made presented issue of affiant's credibility for jury (GCR 1963, 117).

9. COSTS—REMAND FOR TRIAL.

Costs are ordered to abide final results, where order granting defendants' motions for summary judgments are reversed and causes remanded for trial.

DETHMERS and O'HARA, JJ., dissenting.

Appeal from Wayne; Moynihan, Jr. (Joseph A.), J. Submitted May 5, 1964. (Calendar No. 35, Docket No. 50,469). Decided November 3, 1964. Rehearings denied January 4, 1965.

Complaint by Richard Durant against John H. Stahlin and others for libel and conspiracy to drive him out of political activity. Motions by defendants Charles King, George Bashara, Jr., Allen Merrell, and Robert Waldron for summary judgments granted as to them. Plaintiff appeals. Reversed and remanded.

*Davidow & Davidow (Larry S. Davidow,* of counsel), for plaintiff.

*Charles H. King, in propria persona.*

*Bashara & Bashara (George Bashara, Sr.,* of counsel), for defendant Bashara.

*Alfred A. May,* for defendant Merrell.

*Ann E. Donnelly,* for defendant Waldron.

BLACK, J. Before us are orders granting 4 identical motions for summary judgment. Such motions were filed by 4 of a greater number of correspondingly charged defendants. They were submitted and decided under the invoked shelter of GCR 1963, 117, formerly Court Rule No 30 (1945), in an action *ex delicto.* That such orders were entered in a suit for damages suffered on account of an alleged conspiratorial tort is specially accented. Such accent will pinpoint a precedent which, according to view of those whose signatures appear below, should be recorded.

Each motion was supported by an affidavit sworn to by the interested movant only.[1] Each of the affidavits sets forth a flat and conclusionary denial—that only—of the plaintiff's declared charge

---

[1] A fair exemplar of the 4 affidavits, that of defendant-appellee Bashara, is appendix-attached to this opinion.

against the movant-affiant. Thus we are confronted with a fact made immutable by the Constitution; that in tort cases like the one at bar, where an issue of credibility rises directly from a prepossessed movant's solitary affidavit, summary judgment cannot be entered in favor of such movant without offense to the most sacred of all constitutional guaranties. See decisions of the Federal Supreme Court, cited and quoted *post.*

The burden of the mover for summary judgment in a tort case is loaded doubly. He cannot be said to have carried that burden unless he has made out —by detailed affidavit or affidavits, or detailed deposition or depositions, or indisputably verified and controlling documents, or controlling admissions placed in the record, or some forceful combination thereof—such a clear case for summary judgment as to leave no doubt whatever as to his right to judgment upon instruction should the pleaded case with its presented issues go to duly demanded jury trial.[2]

The specific question in this case is whether, plaintiff having failed to meet the respective affidavits of the 4 movants by nonconclusionary affidavit or affidavits in opposition, or by other counter showing permitted under GCR 1963, 117, the 4 motions for summary judgment were properly granted. We answer in the negative. Now for the facts, thus far

[2] Summary judgment practice originally was designed for actions arising out of contract. See author's comment, under GCR 1963, 117 (1 Honigman and Hawkins, Michigan Court Rules Annotated [2d ed], p 359). Then the difficulty of testing such a motion, by the standard of favorable view as on motion for directed verdict in a tort case, usually did not confront our trial courts and this Court. Now, however, by GCR 1963, 117 and its predecessor (Court Rule No 30 [1945]), the practice has been "expanded" to permit by its process the defeat of all types of claims. See 1 Honigman and Hawkins at p 359. Such expansion has not and could not, however, release one minim of judicial duty to preserve and protect the right of trial by jury. Nor does it authorize trial by affidavit when that kind of a trial denies the right to have issues of credibility decided as of yore. Of this last, more later.

disclosed, which defendant-appellees assign in support of affirmance of these summary judgments.

Plaintiff sued all defendants for damages, arising out of publication of a scurrilously worded letter addressed May 10, 1962, by then State Senator John H. Stahlin, to the fair campaign practices commission. Plaintiff's complaint alleges that all defendants, "jointly and severally, with malice, evil and ill will, and intending to ruin plaintiff's good name and reputation and particularly to drive him out of political activity, not only published generally the offensive document [exhibit 'A'] hereinbefore referred to," but that they did wilfully, et cetera, cause copies of the same to be sent to certain prominent individuals, naming them, including certain gentlemen of the cloth. The complaint alleges further:

"36. That the defendants and coconspirators, jointly and severally, knew or should have known the meaning of the words used in exhibit 'A', and knew or should have known that the assertions therein made would be believed by persons reading or hearing the same as attributable to the plaintiff, and knew or should have known, and know or should know, its effect; yet the said defendants and coconspirators, in furtherance of the conspiracy to injure the good name, fame and credit of the plaintiff, and his reputation in the community, and to drive him out of political activity, and in complete disregard of the truth, did publish said exhibit 'A', and cause it to be circulated, so that the good name, fame, and reputation of the plaintiff have been greatly damaged and impaired, as hereinabove set forth, and his political activity which is his constitutional right has been and is being interfered with."

By their respective motions defendant-appellees averred that plaintiff had failed to state, as against them, a cause of action. In addition, and as permitted by GCR 1963, 117, the defendant-appellees filed

in support of such motions the affidavits to which reference has been made. To such affidavits plaintiff responded by affidavits alleging that each of the first 3 movants "knew or should have known the contents of said document, exhibit 'A' ";[3] that said exhibit "A" was prepared "for the purpose of publishing, circulating, and distributing the same to the end that this deponent would be destroyed as a political factor in the Republican party," and that each of the defendants, "having lent himself to the main objective of destroying this plaintiff politically, and having identified himself prominently as a party in the group above mentioned committed to the purpose of attacking and destroying this deponent politically, is equally responsible for all that was done in the attempt to consummate the purposes above described, and particularly the preparation, publication, distribution, and circulation of exhibit 'A', the libelous document complained of."

*First:* The aforesaid letter was—on its face and upon publication thereof—actionably libelous of plaintiff if untrue in fact. Such conclusion is not seriously contested by the defendant-appellees. Further, and regardless of the contradictory assertions of plaintiff's counsel made below and here with respect thereto, we experience no difficulty in holding that the plaintiff's declaration states a cause of action for conspiracy to libel as against the 4 defendant-appellees. Thus, as to the latter point, the undersigned differ with the trial judge.

The trial judge's final conclusion was that the plaintiff's declaration did not state a cause; whereas we view the declaration as sufficient under what is known as "notice" pleading. See 1 Honigman and Hawkins, Michigan Court Rules Annotated (2d ed), at pp 195, 196; GCR 1963, 111, and Court Rule No

---

[3] No affidavit in opposition to appellee-defendant Waldron's motion for summary judgment was filed or submitted by plaintiff.

19 (1945). As their affidavits fairly attest, the declaration reasonably informed the defendant-appellees of the nature of the cause—for conspiring to libel—they were called upon to defend. Such is all that was required to resist summary judgment addressed to sufficiency of such a pleading.

*Second:* As already indicated, these motions for summary judgment have raised a protrudent question of credibility; a question which emerges from the fact that each affiant in this tort case is interested in the result all seek. See to the point PA 1961, No 236, § 2158 (CLS 1961, § 600.2158, Stat Ann 1962 Rev § 27A.2158). And the conclusional denials of defendant-appellees, of overt or other abetting part in the preparation or publication of Senator Stahlin's letter, and the failure of 3 of them to deny *knowledge,* prior to publication of exhibit "A", of the existence or content of exhibit "A", definitely call into play the Supreme Court's latest view of summary judgment practice (*United States* v. *Diebold, Inc.,* 369 US 654, 655 [82 S Ct 993, 8 L ed 2d 176]):

"On summary judgment the inferences to be drawn from the underlying facts contained in such materials must be viewed in the light most favorable to the party opposing the motion. A study of the record in this light leads us to believe that inferences contrary to those drawn by the trial court might be permissible. The materials before the district court having thus raised a genuine issue as to ultimate facts material to the rule of *International Shoe Co.* v. *Federal Trade Commission,* 280 US 291 (50 S Ct 89, 74 L ed 431), it was improper for the district court to decide the applicability of the rule on a. motion for summary judgment."

*Miller* v. *Miller,* 373 Mich 519, and other similar cases brought here, posing as they do in different settings, the "expanded" practice considered above,

suggest that a few comments upon summary judgment practice in tort cases will guide judgment better when "an impatient party or busy trial judge" wants a trial upon affidavits rather than by conventional means. The text to which reference has just been made appears in 1 Honigman and Hawkins, Michigan Court Rules Annotated (2d ed), pp 358, 359 as follows:

"There is considerable language in the cases emphasizing that a court should be slow to grant summary judgment and that the rules governing the procedure are to be construed strictly. Such language must be understood in the context in which it was uttered—that is, in deciding whether a particular case situation was right for summary judgment. Unfortunately summary judgment has been requested too often when there was a genuine issue of fact, but an impatient party or busy trial judge wanted to try it by affidavits. Any such inclination must be repudiated, for summary judgment procedure cannot impinge upon a party's right to trial of disputed factual issues by a jury or usual court procedure."

GCR 1963, 117 is, of course, counterpart of Federal summary judgment practice.[4] Consider then, conjunctively with the foregoing, the recent case of *Poller* v. *Columbia Broadcasting System, Inc.,* 368 US 464 (82 S Ct 486, 7 L ed 2d 458). It is *not* one of the "Selected Federal Decisions" listed under that heading in 1 Honigman and Hawkins at 374. It is nevertheless (along with *Diebold, supra*) a controlling rather than "selected" decision. In *Poller* it was shown that the owner of a television station had sued the defendants for damages resulting from an alleged conspiracy to eliminate his assignor from the broadcasting field; that the district court had

---

[4] See Federal Rules of Civil Procedure, USCA, Rules 12 and 56.—REPORTER.

granted a motion of the defendants for summary judgment, and that the court of appeals had affirmed. The Supreme Court reversed and, doing so, furnished for the courts of Michigan an adequate signpost of restriction when a defendant or defendants, sued for damages in tort, seek under GCR 1963, 117 a trial of the merits by affidavit. The Supreme Court said, at page 473 (principally on authority of *Sartor* v. *Arkansas Natural Gas Corp.,* 321 US 620 [64 S Ct 724, 88 L ed 967])[5]:

"We believe that summary procedures should be used sparingly in complex antitrust litigation where motive and intent play leading roles, the proof is largely in the hands of the alleged conspirators, and hostile witnesses thicken the plot. It is only when the witnesses are present and subject to cross-examination that their credibility and the weight to be given their testimony can be appraised. Trial by affidavit is no substitute for trial by jury which so long has been the hallmark of 'even handed justice'."

To the present case this applies with special force. On the face of this record "motive and intent play leading roles" and the "proof is largely in the hands of the alleged conspirators." That is sufficient to require reversal of grant of these motions for summary judgment.

SUMMARY: *Poller* and *Diebold, supra,* supplied the ground upon which we reversed summary dismissal of *Romero* v. *King,* 368 Mich 45, 49, 50; they supply compelling reasons for reversal of these summary judgments; they supply an authoritative guide

---

[5] In *Sartor* the Court quoted *Sonnentheil* v. *Christian Moerlein Brewing Co.,* 172 US 401, 408 (19 S Ct 233, 43 L ed 492), as follows:
"The mere fact that the witness is interested in the result of the suit is deemed sufficient to require the credibility of his testimony to be submitted to the jury as a question of fact."

*Sartor* and *Sonnentheil* were, of course, so-called summary judgment cases.

to the limits judges may go in granting motions for summary judgment in tort cases, and they provide additional proof that the right of trial by jury is entitled to something more than that "lip service" the court of appeals of our circuit deplored not long ago in a Michigan-born negligence case.[6]

To conclude: These motions for summary judgment are not strong enough to support what is sought thereby. All judgments of the circuit court are therefore reversed with remand for entry of order denying the aforesaid motions. Costs of both courts, as between the plaintiff and each defendant-appellee, will abide the final result.

KAVANAGH, C. J. and SMITH and ADAMS, JJ., concurred with BLACK, J.

### APPENDIX.

(Defendant-appellee Bashara's affidavit in support of motion for summary judgment)

"George N. Bashara, Jr., being first duly sworn deposes and says:

"1. That he has personal knowledge of the facts herein stated and if sworn as an attorney, could testify competently thereto.

"2. That he did not participate in any manner, either directly or indirectly, in the preparation or publication of the document attached to plaintiff's complaint and referred to therein as exhibit 'A', or in causing the same to be sent to any person, newspaper, or agency, as alleged in said complaint; and further deponent saith not."

---

[6] "Some of us have noted a modern tendency—perhaps a growing one—to give mere lip service to these sound principles. Trial by jury is our established constitutional safeguard against assumption of unwarranted judicial authority and should be honored by steadfast observance rather than discarded by dictatorial breach." *Patterson* v. *Pennsylvania R. Co.* (CCA 6), 238 F2d 645, 650.

DETHMERS, J. (*dissenting*). While the alleged facts and record with respect to defendants King, Bashara, Merrell, and Waldron herein are not entirely identical with those as to defendant McKeehan in *Zimmerman* v. *Stahlin,* 374 Mich 93, in which opinions of this Court were this day handed down, they are very similar and alike in that each of the said four defendants herein filed sworn affidavits supporting their motions for summary judgment, expressly denying that they participated, either directly or indirectly, in a plan to prepare or publish the document complained of, marked exhibit "A", or caused it to be prepared or circulated. In this case, as in *Zimmerman,* that denial is left unrefuted. No plaintiff's affidavit of merits, deposition or other proof is to be found in the record disputing it or giving rise to any question of fact in relation thereto. Accordingly, for the reasons stated in my opinion in *Zimmerman,* the summary judgments entered herein should be affirmed, with costs to defendants.

O'HARA, J., concurred with DETHMERS, J.

KELLY and SOURIS, JJ., did not sit.