## ZIMMERMAN v. STAHLIN.

1. JUDGMENT—SUMMARY JUDGMENT—SHAM ACTION—COUNTER SHOW-
ING.

A defendant's motion for summary judgment, supported by affi-
davit that the plaintiff's case is a sham and that there are no
facts to support the latter's claims, requires plaintiff to submit
to the court by affidavit, deposition, or other proof, a showing
of the existence of issues of facts on the merits of the case in
order to defeat the motion for summary judgment (GCR 1963,
117.3).

2. SAME—SUMMARY JUDGMENT—AFFIDAVITS.

Affidavits in support of and in opposition to a motion for sum-
mary judgment must state facts with particularity which, if
proved at the trial, would create a material issue of fact in
order to defeat a motion for summary judgment (GCR 1963,
117).

3. PLEADING—AMENDMENT.

Whether or not an amendment should be permitted is immaterial
if the declaration as sought to be amended would still fail to
state a cause of action.

4. JUDGMENT—SUMMARY JUDGMENT—JURY.

A summary judgment does not deprive a party of a jury trial if
the affidavits do not present a question of fact (GCR 1963,
117).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 5, 6] 41 Am Jur, Pleading § 340.
Constitutionality of statute or rule of court providing for sum-
mary judgment unless affidavit of merits is filed. 69 ALR 1031,
120 ALR 1400.
[3] 41 Am Jur, Pleading §§ 288, 303.
[4] 16 Am Jur 2d, Constitutional Law § 570.

5. SAME—SUMMARY JUDGMENT—MOTION TO DISMISS.
    The summary judgment practice under the present rules includes
    the functions formerly performed by a motion to dismiss for
    failure to state a cause of action and a motion for judgment
    on the pleadings (GCR 1963, 117).

6. LIBEL AND SLANDER—SUMMARY JUDGMENT—AFFIDAVITS.
    Summary judgment for defendant-appellee in action for libel
    was properly granted, where no affidavit of plaintiff states
    there was any connection between such defendant and either
    the preparation of, arrangements for, or distribution of the
    libelous document and such defendant filed a sworn denial of
    having had anything to do with it (GCR 1963, 117).

    KAVANAGH, C. J., and BLACK and SMITH, JJ., dissenting.

Appeals from Wayne; Moynihan, Jr. (Joseph A.),
J. Submitted May 7, 1964. (Calendar Nos. 61–66,
Docket Nos. 50,484–50,489.) Decided November 3,
1964.

Six separate complaints by George M. Zimmer-
man, Gerald A. Plas, Palmer T. Heenan, George
McDonnell, Patricia Arber, and Karl Lady against
John H. Stahlin, Karl B. McKeehan, and others for
libel. Summary judgments for defendant McKee-
han. Plaintiffs appeal and appeals consolidated.
Affirmed.

*Davidow & Davidow* (*Larry S. Davidow*, of coun-
sel), for plaintiffs.

*P. B. Spivak*, for defendant McKeehan.

DETHMERS, J. This libel action is a companion
case to *Durant v. Stahlin*, 374 Mich 82, in which
the opinions of this Court are this day handed down.

Plaintiffs say that they are supporters of Richard
Durant, plaintiff in the other suit, and by reason
thereof have incurred the antagonism of defend-
ants, who, allegedly, are attempting to oust Durant

from office in the Republican party and that, in consequence, defendants in a concerted effort to malign Durant, also set about to malign his supporters, the plaintiffs. Defendant Karl B. McKeehan filed a motion for summary judgment in his favor. The trial court granted the motion. Plaintiffs appeal.

In their unsworn complaint plaintiffs complain of the same document referred to in the *Durant Case,* designated as exhibit "A". Here, as in that case, plaintiffs charge John W. Stahlin with causing it to be published to their injury and damage. As for defendant McKeehan in particular, it is charged in the complaint only that Stahlin, in causing the publication, acted in association with McKeehan and the other defendants; that the defendants, jointly and severally, published the document, caused copies to be sent to the clergy and others, and furnished copies to newspapers.

Defendant McKeehan's motion for summary judgment was based on the ground that the complaint stated no cause of action against him, that it alleged no active conspiracy, that its allegation that Stahlin, in association with McKeehan and the other defendants, "caused to be published" was a conclusion of law as to defendant McKeehan, not a statement of fact, and that it alleged no overt or other act on McKeehan's part, either individually or in concert with others. The motion was supported by McKeehan's affidavit in which he swore that he had not, either directly or indirectly, participated in a plan to prepare or publish the document and that he had not caused it to be prepared or circulated.

Plaintiffs filed an unsworn answer to defendant's motion, alleging that their action is not based on conspiracy but upon defendants having acted jointly and severally in causing the publication of the document, that all defendants, including McKeehan, fur-

nished or suggested material contained in the document, and that all knew or should have known of the publication thereof. This answer, not supported by affidavit or otherwise, concluded with a request that plaintiffs be permitted to file an amendment to their complaint to include the above stated allegations of their answer to defendant McKeehan's motion. On the motion to amend the complaint the trial court did not act.

On appeal plaintiffs claim error (1) in the court's failure to allow the amendment to the complaint, and (2) in granting summary judgment in favor of defendant McKeehan.

Amendment of the complaint in the manner requested would scarcely serve to cause it to state, in nonconclusionary form, a cause of action any more plainly or effectively than is done in the existing complaint. Be that as it may, however, such amendment of the complaint would not suffice to supply answer to defendant's affidavit that he had had nothing to do with exhibit "A". A defendant's motion for summary judgment, supported by affidavit that the plaintiff's case is a sham and that there are no facts to support the latter's claims, requires plaintiff to submit to the court, by affidavit, deposition, or other proof, a showing of the existence of issues of facts on the merits of the case, failing which, plaintiff's case must fall and defendant is entitled to summary judgment in his favor. The applicable language of GCR 1963, 117.3 reads:

"Judgment shall be rendered forthwith * * * if the affidavits or other proof show that there is no genuine issue of fact."

Conversely, a failure to show such issue is equally fatal to plaintiff's case. As said in 1 Honigman and Hawkins, Michigan Court Rules Annotated, p 363,

with respect to supporting and opposing affidavits in connection with motions for summary judgment:

"The plaintiff's affidavits must contain verification of all the material facts needed to establish a prima facie case. In turn, defendant's affidavits cannot merely make a general denial of plaintiff's right to recover nor state factual conclusions, but must state facts with particularity which, if proved at the trial, would create a material issue of fact. This does not mean that the affidavits of either party must be a detailed inventory of every item of evidence he has to support his position, but it does require enough, with sufficient particularity, to show that there is real evidentiary support for the position taken in his pleading."

Whether or not plaintiffs should have been permitted to amend their complaint is of small moment inasmuch as such amendment would not have supplied the deficiency resulting from plaintiff's failure to answer by affidavits, or other proofs, defendant's motion and supporting affidavits which showed defendant's nonliability and the nonexistence of an issue of fact with respect thereto. Failure of the court to allow the amendment is not, therefore, reason for reversing the summary judgment for defendant under the circumstances of this case.

In discussing the above question, we have inescapably touched on the second, namely, whether a summary judgment for plaintiff should have been granted. In further treatment of the subject the following should be noted. In *Peoples Wayne County Bank* v. *Wolverine Box Co.*, 250 Mich 273, 281 (69 ALR 1024), this Court said:

"The summary judgment law does not deprive a defendant of a right to trial by jury if the affidavits present no question of fact."

On the dual purpose of motions for summary judgment under the new court rules (GCR 1963, 117)

we find in 1 Honigman and Hawkins, Michigan Court Rules Annotated, p 357, the following:

"The new Rule 117 continues the existing practice and expands summary judgment to include functions formerly performed by (1) a motion to dismiss for failure to state a cause of action and (2) a motion for judgment on the pleadings.

"The committee, *supra,* gives an extended and lucid explanation of the reasons for thus expanding the rule. In short, it was felt that in former practice these motions tended merely to test the formal adequacy of pleadings, resulting in pro forma amendments to meet the objections raised, thereby forestalling any meaningful inquiry into whether the party whose pleading was objected to had any real claim or defense. Now by making these functions a part of summary judgment procedure, the genuineness of the claim or defense can be more adequately tested. A formal allegation or amendment which is adequate on its face to meet objections as a matter of law can be exposed as sham by affidavits and other supporting material and summarily disposed of. The procedure thus integrates an effective process of testing first the legal adequacy of a claim or defense and second its genuineness as a matter of fact, in appropriate cases, before incurring the time and expense of a trial on the merits."

The trial court, in its order for summary judgment for defendant McKeehan, noted that plaintiffs "failed to file an affidavit of merits". On argument in this Court, at least in the *Durant* if not in this case, plaintiff's counsel made reference to depositions on file which he contended should have been considered in connection with the motions. They were not called to the trial court's attention in connection with or as presenting proofs in opposition to defendants' motions for summary judgments and their supporting affidavits. This apparently was for good reason. We have carefully examined the

countless pages of those depositions, not on file in this case nor quoted or excerpted in the appendix herein, but filed in the *Durant Case.* At most they would tend to show a common interest and desire on the part of the several defendants, and a discussion thereof between, in ridding the Republican party of Durant's power or influence. They utterly fail to tie defendant McKeehan in with the preparation of, arrangements for, or distribution of exhibit "A". That exhibit and its distribution being the very essence of plaintiffs' claim of having been libeled, and McKeehan's sworn denial of having had anything to do with it being entirely unrefuted, the trial court was compelled by rule to grant the summary judgment for defendant.

Affirmed. Costs to defendant McKeehan.

SOURIS, O'HARA, and ADAMS, JJ., concurred with DETHMERS, J.

BLACK, J. (*dissenting*). This motion for summary judgment must prevail or fail on strength or weakness of 1 affidavit, that of the interested defendant-appellee, Karl McKeehan. For information of the trial bench and trial profession the affidavit is copied below in full:

"Karl McKeehan, being first duly sworn, deposes and says that he is a resident of the county of Wayne, State of Michigan, and that he is one of the defendants in the above captioned action; that he has read and understands the foregoing motion for summary judgment, and that the same is true of his own personal knowledge, except as to the matters therein stated to be upon information and belief, and as to those matters, he believes the same to be true; and that this affidavit is given in support of his motion for summary judgment.

"Deponent further states that he has no knowledge whatsoever of the nature of the complaint filed

against him and that the contents of said complaint as they pertain to him are totally and absolutely false and have no basis in law or in fact.

"Deponent further states that he did not participate either directly or indirectly in any plan, scheme or device relative to the preparation or publication of the alleged defamatory matter complained of in plaintiff's exhibit 'A,' and deponent further states that he did not cause said alleged defamatory matter to be prepared, published and/or circulated or distributed in any shape or manner either in whole or in part.

"Deponent further states that at no time did he ever participate by himself or in concert with anyone else in the preparation, publication and/or circulation or distribution of said alleged defamatory material set forth in exhibit 'A', nor did he authorize or direct any other person in his own behalf to act for him in this regard.

"Deponent further says that he has a just, true and meritorious defense to said action.

"Deponent further says not."*

Now, should he be called to the witness box, would defendant-appellee be permitted to testify to the foregoing conclusions of mixed fact and law, distinguished as such must be from *admissible* testimony to *facts* which, judicially weighed, would establish the truth or falsity of such conclusions? Would he or any similarly situated defendant be permitted in a court of law to testify that "the contents of said complaint as they pertain to him are totally and absolutely false and have no basis in law or fact"; or that "he did not participate either directly or indirectly in any plan, scheme or device relative to the preparation or publication of the alleged defamatory matter," or, as Justice Dethmers

---

* Defendant-appellee's motion proper, distinguished from the foregoing affidavit, confines its precise thrust to the claimed failure of plaintiffs' complaint to state a cause of action against defendant-appellee.

puts it, "that the plaintiff's case is a sham and that there are no facts to support the latter's claims"? Would he, indeed, be permitted to testify at all as in his quoted affidavit? Are not such conclusions for the trier or triers of fact, rather than for a witness? Forsooth, why not let every denier affirm his denial and then allege or testify, as proffered support, that the original pleader or affiant is a faker, a prevaricator, and a congenital liar? Such practice, sanctioned here, would quicken the desired pace by which more and more troublesome cases become quick and easy riddance.

For 33 years now, we have required that an affidavit for summary judgment must "set forth *with particularity* such facts as would be *admissible as evidence* to establish or deny the grounds stated in the pleading or motion" (1931 Court Rule 30, § 3; 1945 Court Rule 30, § 3; GCR 1963, 116.4 connected with GCR 1963, 117 by .3 of 117). This defendant-appellee's affidavit fails utterly to conform with such requirement, hence this dissent from affirmance of grant of motion made on strength thereof. For elaboration, stressing particularly that this case, like *Poller* v. *Columbia Broadcasting System, Inc.,* 368 US 464 (82 S Ct 486, 7 L ed 2d 458), is a tort action rather than an action arising out of contract, see the related case of *Durant* v. *Stahlin, supra* at page 82; also *Miller* v. *Miller,* 373 Mich 519.

As in *Durant* I would reverse and remand for entry of order denying motion for summary judgment. Costs should abide the final result as between plaintiffs and defendant-appellee.

KAVANAGH, C. J., and SMITH, J., concurred in result.

KELLY, J., did not sit.