DURANT v. STAHLIN.

APPEAL *in re* BRUCKER.

JUDGMENT—SUMMARY JUDGMENT—QUESTION OF FACT.

Summary judgment for defendant was properly entered in action for alleged libel, where such defendant's affidavit in support of his motion, together with other affidavits, depositions, or proofs of any character, including cross-examination by plaintiff's counsel at length, failed to raise a question of fact material to plaintiff's libel (GCR 1963, 117.3).

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted February 3, 1965. (Calendar No. 34, Docket No. 50,651.) Decided June 7, 1965.

Complaint by Richard Durant against John H. Stahlin, Wilber M. Brucker, Sr., and others for damages arising from the alleged publication of a libelous document. Summary judgment for defendant Brucker, Sr. Plaintiff appeals. Affirmed.

*Davidow & Davidow (Larry S. Davidow,* of counsel), for plaintiff.

*Brucker & Brucker (Wilber M. Brucker, Jr.,* of counsel), for defendant Brucker, Sr.

DETHMERS, J. In his opinion this day handed down in *Durant* v. *Stahlin (Van Dusen, Elliott, Romney),* 375 Mich 628, Mr. Justice ADAMS has written that the appeal therein is another aspect of matters dealt with in *Durant* v. *Stahlin,* 374 Mich 82, and *Zimmerman* v. *Stahlin,* 374 Mich 93. That is also true of this appeal.

The record in the instant case discloses that defendant Brucker filed an answer to plaintiff's amend-

REFERENCES FOR POINTS IN HEADNOTE
41 Am Jur, Pleading § 342.

ed complaint setting forth his defenses with particularity, that he filed an affidavit supporting his motion for summary judgment which not only denied any knowledge of or participation in the planning, preparing, or distribution of the so-called libelous document, exhibit A, but also set forth in detail his part and connections with the actions of the group opposed to plaintiff's political leadership. He offered himself for cross-examination at the hearing on this motion and was cross-examined at length by plaintiff's counsel. At the conclusion of it all, and upon examination of all affidavits, depositions, or proofs of any character in the case, not a single issue of fact was developed or presented material to plaintiff's claim of libel. Procedural requirements for entry of a summary judgment* at that time were fully met by defendant's motion, affidavit, and his offering himself for and actually being fully cross-examined. Plaintiff offered nothing that controverted them. Consequently, and for the reasons set forth in the above mentioned opinion of Mr. Justice Adams, applicable here, the summary judgment for defendant Brucker entered in the court below should be affirmed, with costs to defendant.

O'Hara and Adams, JJ., concurred with Dethmers, J.

Souris, J. (concurring). I concur in affirmance. See my opinion in Durant v. Stahlin (Appeal in re Van Dusen, Elliott, Romney), 375 Mich 628, 640, also decided this day.

T. M. Kavanagh, C. J., and Smith, J., concurred with Souris, J.

Kelly and Black, JJ., did not sit.

---

* See GCR 1963, 117.3.—Reporter.