CHRISTY *v.* DETROIT EDISON COMPANY.

1. JUDGMENT—SUMMARY JUDGMENT—ISSUES OF FACT—AFFIDAVITS.

   Summary judgment for defendant was proper where plaintiff chose to file affidavits which were not responsive to defendant's affidavits, which were in part based upon information and belief instead of personal knowledge of affiant, and which were cast in conclusionary language instead of stating with particularity facts admissible as evidence (GCR 1963, 117).

2. SAME—SUMMARY JUDGMENT—ISSUES OF FACT—AFFIDAVITS.

   No genuine issue as to any material fact is established sufficient to bar entry of summary judgment on defendant's motion, if otherwise defendant is entitled thereto, where plaintiff, opposing the motion, chose to file affidavits not responsive to defendant's affidavits, which were in part based upon information and belief instead of personal knowledge of affiant, and were cast in conclusionary language instead of stating with particularity facts which would be admissible as evidence (GCR 1963, 117).

3. ELECTRICITY—SECURITY DEPOSIT—APARTMENT DWELLER.

   Apartment dweller who had recently moved from out of State and requested to make a $25 deposit for electrical service as he had not established a proper credit rating, *held*, not entitled to recover such sum, paid under protest, nor entitled to injunction against discontinuance of service, where he failed to raise issue of fact by responsive affidavits when defendant supplier of electricity interposed motion for summary judgment (GCR 1963, 117).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 41 Am Jur, Pleading § 342.
[3] 41 Am Jur, Pleading § 342.
  43 Am Jur, Public Utilities and Services §§ 50, 64, 73.

Appeal from Washtenaw; Ager (William F.), J. Submitted Division 2 January 5, 1966, at Detroit. (Docket No. 1,263.) Decided April 12, 1966. Leave to appeal denied by Supreme Court June 28, 1966. See 378 Mich 720.

Complaint by Perry T. Christy against Detroit Edison Company, a New York corporation, for return of a security deposit paid to defendant and to enjoin defendant from discontinuing plaintiff's electrical service. Judgment for defendant. Plaintiff appeals. Affirmed.

*Perry T. Christy, in propria persona.*

*Fischer, Sprague, Franklin & Ford (Ralph H. Houghton, of counsel), for defendant.*

LESINSKI, C. J. The plaintiff appeals *in propria persona* from a summary judgment granted defendant by the circuit court for the county of Washtenaw.

This cause arose when the plaintiff moved into Ann Arbor, Michigan from out of State, and was requested to leave a $25 security deposit for electricity in his apartment, as he had not established a proper credit rating. The plaintiff after many contacts with the defendant's agents filed suit against the defendant charging that the defendant discriminated in its charging of deposits for electrical service in that only certain customers were required to leave the deposit, and sought a temporary injunction against any discontinuance of his electrical service. After denial of the temporary injunction, the plaintiff paid the $25 security deposit under protest, and amended his complaint to reflect that payment had been made. He thus sought the return of the security deposit as well as an injunction against discontinuance of service. Both plain-

tiff and defendant filed motions for summary judgments and on January 13, 1965, the trial court granted defendant's motion for summary judgment. The plaintiff then moved to set aside the summary judgment. From a denial of this motion, plaintiff took this appeal.

The issue before this Court revolves around the granting of the summary judgment. Was there "any genuine issue as to any material fact" so that the defendant was not entitled to a summary judgment as a matter of law? The summary judgment procedure as defined by GCR 1963, 117.2(3), requires that a summary judgment be granted if the party opposing the motion has failed to show any evidence by affidavit, that would give rise to a genuine issue of fact. In *Durant* v. *Stahlin* (1965), 375 Mich 628, Justice ADAMS states at p 640:

"Once a party is challenged as to the existence of the facts upon which he purports to build his case, the sum and substance of the summary judgment proceeding is that general allegations and notice pleading are not enough. Matters upon information and belief and alleged common knowledge are not enough. That party must come forward with at least some evidentiary proof, some statement of specific fact upon which to base his case. If he fails, the motion for summary judgment is properly granted. In the language of GCR 1963, 117.3:

" '*Judgment shall be rendered forthwith* if the pleadings show that any party is entitled to judgment as a matter of law or *if the affidavits or other proof show that there is no genuine issue of fact.*' (Emphasis supplied.)"[1]

Justice SOURIS speaking in concurrence in the *Durant Case* stated at page 657:

---

[1] This opinion of Justice ADAMS was concurred in by Justice DETHMERS and Justice O'HARA.

"Plaintiff chose to file affidavits * * * which were not responsive to the defendants' affidavits, which were in part based upon information and belief instead of personal knowledge of the affiant, and which were cast in conclusionary language instead of stating with particularity facts which would be admissible as evidence. In short, the plaintiff's affidavits were inadequate to bar entry of summary judgment on defendants' motions *if otherwise defendants were entitled thereto.*"[2]

This language of Justice SOURIS in the *Durant Case* embodies our findings regarding the plaintiff's reply affidavits to the defendant's motion for summary judgment in this case. See also *Green* v. *Lundquist* (1966), 2 Mich App 488. The trial judge, on the basis of this record, could do no other than grant the defendant's motion for summary judgment.

Judgment affirmed. Costs to the appellee.

J. H. GILLIS and QUINN, JJ., concurred.

---

[2] Justice SOURIS' opinion was concurred in by Chief Justice T. M. KAVANAGH and Justice SMITH.