ARBER *v.* STAHLIN.

CLINK *v.* SAME.

PLAS *v.* SAME.

HEENAN *v.* SAME.

LADY *v.* SAME.

ZIMMERMAN *v.* SAME.

1. LIBEL AND SLANDER—CLASS SLANDER—INDIVIDUAL MEMBERS—AC-
TION.

No individual of a defamed class may maintain an action for a
publication which is without any special personal application.

2. SAME—CLASS SLANDER—INDIVIDUAL MEMBERS—SUMMARY JUDG-
MENT.

Summary judgment in favor of defendant newspaper and its
editor in action for libel because of news story published by
defendant *held,* proper, where the news story made no refer-
ence to any of plaintiffs but only to some political organizations
to which plaintiffs claimed to belong.

3. SAME—PUBLIC FIGURES—MALICE—QUALIFIED PRIVILEGE.

"Public figures" cannot recover in an action for defamation in
the absence of actual malice because a qualified privilege
exists.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 33 Am Jur, Libel and Slander § 192.
Right of individual member of class or group referred to in a
defamatory publication to maintain action for libel or slander.
70 ALR2d 1382.
[2] 33 Am Jur, Libel and Slander § 192; 41 Am Jur, Pleading
§§ 340–342.
[3] 33 Am Jur, Libel and Slander §§ 126, 128, 161.
[4] 33 Am Jur, Libel and Slander § 111.
[5] 33 Am Jur, Libel and Slander §§ 126, 169.
[6–8] 41 Am Jur, Pleading §§ 340–342.

4. Same—Words and Phrases—Malice.

Actual malice in action for defamation is knowledge of the falsity of statements made or a reckless disregard of their truth or falsity.

5. Same—Privilege—Public Figure.

Plaintiffs in action for libel which arose out of political conflict between plaintiffs and defendants within their political party *held,* to be "public figures" as to whom defendants had a qualified privilege, where plaintiffs were identified as persons of political prominence and some were precinct delegates of their party.

6. Motions—Summary Judgment—Affidavits.

A motion for summary judgment which asserts the absence of a genuine issue of material fact and is supported by affidavit or other proof requires that the opposing party submit affidavits or other proof of his own to establish that a genuine issue of material fact does exist (GCR 1963, 117.2[3]).

7. Judgment—Summary Judgment—Question of Fact.

Summary judgments for defendants were properly entered in action for libel, where their affidavits in support of their motion contained sworn assertion that defendants acted in good faith and without knowledge of any falsity in the contents of the publication complained of and plaintiffs' affidavit did not controvert defendants' assertions of good faith and lack of knowledge (GCR 1963, 117.2[3]).

8. Same—Summary Judgment—Question of Fact.

Summary judgment for defendant in action for libel, where his affidavit consisted of sworn statements that he did not participate in the preparation or publication of the letter complained of and the plaintiffs' affidavit asserted that the affiant discussed the publication of the letter with defendant and received information from him to be used in it, *held,* error, since where neither affidavit deals with the question of malice as it relates to defendant, and actual malice is an element of the cause of action, the disposition of his motion turns upon the pleadings which raise a genuine issue of material fact by allegation and denial of actual malice (GCR 1963, 117.2[3]).

Appeal from Wayne; Rashid (Joseph G.), J. Submitted Division 1 October 3, 1967, at Detroit. (Docket Nos. 3,397–3,402.) Decided March 25, 1968.

Rehearing denied May 3, 1968. Leave to appeal granted July 26, 1968. See 381 Mich 767.

Complaints by Patricia Arber, Allan B. Clink, Gerald A. Plas, Palmer T. Heenan, Karl Lady, and George M. Zimmerman, against John H. Stahlin, Paul D. Bagwell, Charles A. Ferry, Karl McKeehan, Norman Stockmeyer, Martin Hayden, and Evening News Association, a Michigan corporation, for damages arising from the alleged publication of a libellous document. Default judgment against defendant Ferry. Summary judgment for other defendants. Plaintiffs appeal summary judgments except for defendant McKeehan. Affirmed in part, reversed in part.

*Davidow & Davidow,* for plaintiffs.

*Warner, Norcross & Judd* (*Lewis A. Engman* and *Jerome M. Smith,* of counsel), for defendant Stahlin.

*Dykema, Wheat, Spencer, Goodnow & Trigg* (*Donald E. Shely,* of counsel), for defendant Bagwell.

*Daniel Hodgman,* for defendant Stockmeyer.

*Butzel, Eaman, Long, Gust & Kennedy* (*George E. Brand, Jr.,* of counsel), for defendants Evening News Association and Martin S. Hayden.

T. G. KAVANAGH, J. This matter involves six libel actions which arose out of a political conflict between supporters of Richard Durant (plaintiffs herein) and leaders of the Republican party in Michigan who allegedly were attempting to oust Durant from a position of influence within the party. The alleged

libel was contained in a letter, with an attached enclosure, which defendant Stahlin sent to the Michigan fair campaign practices commission, charging plaintiffs with improper political activities. In their complaints plaintiffs allege that the defendants participated in the preparation and publication of the allegedly libellous document, that the charges contained in the document were false, and that defendants knew that they were false and maliciously caused it to be published for the purpose of damaging the reputation of plaintiffs. Each defendant filed an answer to the complaint and a motion for summary judgment with an affidavit in support of the motion, pursuant to GCR 1963, 117. Each motion asserted that the proponent was entitled to judgment as a matter of law because there was no genuine issue as to any material fact. GCR 1963, 117.2(3). After hearing argument by counsel on the motions, the circuit court granted the motions of each defendant, and filed his written opinion. Plaintiffs have appealed.

We deal first with the granting of the motion for summary judgment as to defendants Martin S. Hayden, editor of the Detroit News, and Evening News Association. In addition to sending a copy of the enclosure to each of the members of the fair campaigns practices commission defendant Stahlin delivered a copy to the above two defendants who allegedly caused to be published in the Detroit News a news story relating some of the contents of the enclosure. The news story, a copy of which has been made part of the record on appeal, makes no reference to any of the plaintiffs. It does, however, refer to some political organizations, *e. g.*, the John Birch Society and Young Americans for Freedom, *inter alia*, to which plaintiffs claim to belong. Plaintiffs contend that the charges made against these organ-

izations were generally understood to have been made against the members thereof, including plaintiffs, thus giving plaintiffs a right to recover. This contention was considered and rejected by this Court in *Chapman* v. *Romney* (1967), 6 Mich App 36. Accordingly, we hold that summary judgment was properly granted in favor of defendants Hayden and Evening News.

As to all the defendants the circuit court determined that there was a qualified privilege under the holdings in *New York Times Co.* v. *Sullivan* (1964), 376 US 254 (84 S Ct 710, 11 L Ed 2d 686) and *Associated Press* v. *Walker* (1967), 388 US 130 (87 S Ct 1975, 18 L Ed 2d 1094) and that plaintiffs could not recover in the absence of actual malice, defined as knowledge of the falsity of the statements made, or reckless disregard of their truth or falsity. The correctness of this determination depends upon whether plaintiffs are "public figures" under the decision in the *Walker Case.* Mr. Chief Justice Warren, writing in *Walker,* said (pp 163, 164):

"To me, differentiation between 'public figures' and 'public officials' and adoption of separate standards of proof for each have no basis in law, logic, or First Amendment policy. Increasingly in this country, the distinctions between governmental and private sectors are blurred. * * * This blending of positions and power has also occurred in the case of individuals so that many who do not hold public office at the moment are nevertheless intimately involved in the resolution of important public questions or, by reason of their fame, shape events in areas of concern to society at large.

"Viewed in this context, then, it is plain that although they are not subject to the restraints of the political process, 'public figures', like 'public officials', often play an influential role in ordering society. And surely as a class these 'public figures'

have as ready access as 'public officials' to mass media of communication, both to influence policy and to counter criticism of their views and activities. Our citizenry has a legitimate and substantial interest in the conduct of such persons, and freedom of the press to engage in uninhibited debate about their involvement in public issues and events is as crucial as it is in the case of 'public officials.' The fact that they are not amenable to the restraints of the political process only underscores the legitimate and substantial nature of the interest, since it means that public opinion may be the only instrument by which society can attempt to influence their conduct."

In holding that plaintiffs herein are "public figures" we adopt the reasoning of the circuit court below:

"True, plaintiffs are not public officials within the commonly accepted meaning of the word. However, they are identified as persons of political prominence. Indeed, some may have been, were, or are precinct delegates, working within their particular districts. As such, a precinct delegate, one acting in the furtherance of party politics, is a public person. As a party worker, as a delegate, as a political kingmaker, he occupies an important position in the political arena."

Since the comments of defendants herein were qualifiedly privileged, the crucial question is whether they acted with actual malice, as defined by the *New York Times* and *Walker* cases, *supra*. The motions for summary judgment were properly granted *only* if there is no genuine factual issue as to the question of actual malice.

By their motions defendants challenged plaintiffs' ability to prove their allegations. When the motion asserts the absence of a genuine issue of material fact under GCR 1963, 117.2(3) and is supported by affidavit or other proof, the opposing party must

submit affidavits or other proof of his own to establish that a genuine issue of material fact does exist. *Durant* v. *Stahlin (Appeal In re Brucker)* (1965), 375 Mich 665; *Christy* v. *Detroit Edison Company* (1966), 2 Mich App 730.

Except for the affidavit of defendant Stockmeyer, the affidavits submitted in support of the motions contained sworn assertions that the defendants acted in good faith and without knowledge of any falsity in the contents of the enclosure. In opposition to the motions plaintiffs submitted the affidavit of one Charles Ferry, who had originally been a defendant in this matter and against whom a default judgment had been taken. There is nothing in Ferry's affidavit to controvert defendants' assertions of good faith and lack of knowledge. In fact, to the extent that it deals with the question of malice at all, the Ferry affidavit tends to corroborate defendants' position.

The Stockmeyer affidavit consists of sworn statements that he did not participate in the preparation or publication of the enclosure. The Ferry affidavit, in opposition to Stockmeyer's motion for summary judgment, asserts that the affiant discussed the publication of the enclosure with Stockmeyer and received information from him to be used in the exhibit. Since neither the Stockmeyer nor the Ferry affidavits deal with the question of malice as it relates to Stockmeyer, the disposition of his motion for summary judgment turns upon the pleadings. On the one hand, the complaint alleges that the defendants knew of the falseness of the charges in the enclosure, and, on the other, defendant Stockmeyer's answer denies any such knowledge. Viewing the pleadings and affidavits in the light most favorable to the plaintiffs, as we must for the purposes of these motions, we conclude that plaintiffs have raised genuine issues of material fact as to defendant

Stockmeyer and accordingly the judgment of the circuit court granting his motion for summary judgment is set aside. The granting of the motions of the other defendants is affirmed for the reason that plaintiffs have failed to raise a genuine issue of fact as to the element of malice.

LESINSKI, C. J., and J. H. GILLIS, J., concurred.