DURANT v. STAHLIN

APPEAL re MERRELL, KING, AND BASHARA

1. Libel and Slander — Publication — Conspiracy — Political Activity.

Evidence of concerted political activity by defendants in opposition to plaintiff's political leadership is not sufficient in libel action to establish conspiracy to publish a document actually published by another political opponent of plaintiff, even if the document is assumed to be libelous.

2. Appeal and Error—Summary Judgment—Libel—Issue of Fact.

Defendant's motions for summary judgment, in an action for conspiracy to commit libel, were properly granted where the affidavits filed by defendants in support of their motions stated that they had no knowledge of the allegedly libelous document until it was published, the affidavits were virtually identical to those the Supreme Court previously approved as sufficient for summary judgment as to other defendants in the same action, and plaintiff does not set forth in his affidavit any evidence to oppose the affidavits of defendants for the purpose of creating a genuine issue of fact (GCR 1963, 117.2[3]).

Appeal from Wayne, Joseph G. Rashid, J.   Submitted Division 1 January 7, 1969, at Detroit. (Docket No. 4,968.)   Decided February 26, 1969. Rehearing denied April 4, 1969.   Leave to appeal denied June 18, 1969.   See 382 Mich 763.

Complaint by Richard Durant against John H. Stahlin, Allen Merrell, Charles King, George N.

Bashara, Jr., and numerous other defendants for conspiracy to publish a document libelous of plaintiff. Summary judgment for Allen Merrell, Charles King, and George N. Bashara, Jr. Plaintiff appeals. Affirmed.

*Davidow & Davidow,* for plaintiff.

*Alfred A. May,* for defendant Allen Merrell.

*George Bashara, Sr.,* for George N. Bashara, Jr.

*Charles H. King, in propria persona.*

BEFORE: LESINSKI, C. J., and J. H. GILLIS and T. M. BURNS, JJ.

PER CURIAM. Plaintiff appeals the summary judgment granted by the trial court in favor of defendants-appellees Allen Merrell, Charles King and George N. Bashara, Jr. Plaintiff brought this action against these defendants, among numerous others, for their alleged conspiracy to publish a document libelous of the plaintiff.[1] Defendants moved for summary judgment and in accordance with GCR 1963, 117.2(3) swore by affidavit in support of their motions that they gave no cooperation whatever to the preparation or publication of the allegedly libelous document, and that in fact they had no knowledge of the document until it was published in local newspapers. Plaintiff filed an affida-

---

[1] For the history of this protracted litigation, see *Durant* v. *Stahlin, Appeal in re King, Bashara, Merrell, and Waldron* (1964), 374 Mich 82; *Zimmerman* v. *Stahlin* (1964), 374 Mich 93; *Durant* v. *Stahlin, Appeal in re Van Dusen, Elliott and Romney* (1965), 375 Mich 628; *Durant* v. *Stahlin, Appeal in re Brucker* (1965), 375 Mich 665; *Arber* v. *Stahlin* (1968), 10 Mich App 181 (leave to appeal granted by Supreme Court July 26, 1968, 381 Mich 767).

vit in opposition to those sworn to by defendants, but although the voluminous record of this litigation contains thousands of pages of depositions and cross-examination of these defendants-affiants, plaintiff has not been able to set forth in his affidavit any evidence that would create a genuine issue of fact under GCR 1963, 117.2(3).[2]  The trial judge, who presided over the hours of cross-examination of these defendants, said in his opinion: "The cross-examination did not elicit one iota of evidence indicating or even tending to prove by circumstantial or direct evidence of any complicity on the part of these defendants in the dissemination and publication of the so-called document, Exhibit A."  Even assuming the legal adequacy of plaintiff's claim that the disputed document was libelous *per se*, plaintiff was under an obligation to establish in opposition to defendants' affidavits some evidence that these defendants were guilty of conspiring to publish the libel.  These defendants admitted concerted political activity in opposition to plaintiff's political leadership, but such activity cannot meet the requisite test of evidence of conspiracy to publish the libel.  We concur with the trial judge who concluded that this action with respect to these defendants is squarely governed by the Supreme Court's decision in an earlier appeal in this protracted litigation, *Durant v. Stahlin, Appeal in re Van Dusen, Elliott, and Romney* (1965), 375 Mich 628.  The affidavits filed here by these defendants in support of their motion for summary judgment were virtually identical to those to which the Supreme Court gave approval in the earlier appeal.  (The affidavits of those defend-

---

[2] The affidavits before us differ from those brought before the Supreme Court in this cause in *Durant v. Stahlin, Appeal in re King, Bashara, Merrell, and Waldron* (1964), 374 Mich 82, and are substantially identical with those in *Durant v. Stahlin, Appeal in re Van Dusen, Elliott, and Romney* (1965), 375 Mich 628.

ants, Van Dusen, Elliott, and Romney, are appended to the Supreme Court's opinions, 375 Mich 628, at pp 658–664.) The trial court noted in its opinion that the proceedings with respect to these defendants, including as they did hours of extensive cross-examination, were far more protracted than those with respect to defendants Van Dusen, Elliott, and Romney. And yet plaintiff has not been able to set out in his affidavit of opposition to the motions for summary judgment more than pleaded averments, which the Supreme Court's opinions in the earlier appeal made clear were not sufficient to oppose the affidavits of defendants for the purpose of creating a genuine issue of fact under GCR 1963, 117.2(3).

Affirmed. Costs to appellees.