McCORD *v.* UNITED STATES GYPSUM COMPANY.

1. NEGLIGENCE—INVITEE—DUTY TO INFORM OF KNOWN DANGEROUS CONDITION—PROPERTY OWNER.

A property owner is under a duty to inform an invitee of any known dangerous condition on his property or one discoverable by use of reasonable care.

2. SAME—DANGEROUS CONDITION OF PREMISES—NOT DISCOVERABLE—LIABILITY.

The mere existence of a defect of danger in a premises is not enough to establish liability for injuries resulting from its existence, and there is no liability for harm resulting from conditions from which the occupier did not know and could not have discovered with reasonable care.

3. SAME—EVIDENCE—DANGEROUS CONDITION IN PREMISES—APPEAL AND ERROR—QUESTION FOR JURY—SKYLIGHT.

Testimony in negligence action for damages resulting from a fall through a skylight in roof of defendant corporation's factory

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 38 Am Jur, Negligence §§ 85, 90, 92.
[3] 5 Am Jur 2d, Appeal and Error § 833; 38 Am Jur, Negligence §§ 332, 344, 356, 372.
[4, 7] 38 Am Jur, Negligence § 93.
[5, 6] 38 Am Jur, Negligence §§ 32, 90, 92, 93.
[8] 38 Am Jur, Negligence §§ 362–371.

that the skylight was obscured by dust and dirt or was built into roof in such a manner that it appeared to be a portion of the roof *held*, to have presented a question of fact for the jury in steeplejack's action against owner of premises and jury's verdict for plaintiff will not be disturbed on appeal where the proofs do not clearly preponderate in the opposite direction.

4. SAME—DANGEROUS CONDITION OF PREMISES—NOTICE.

The obligation to give notice as to a dangerous condition of the premises is of such importance that it cannot be delegated by the property owner.

5. SAME—DANGEROUS CONDITION OF PREMISES—INVITEES.

A property owner who knows or reasonably should know of a dangerous condition on his premises may become liable for injury resulting therefrom and he may not delegate his responsibility to another and thus escape liability.

6. SAME—DANGEROUS CONDITION ON PREMISES—NOTICE.

A property owner cannot delegate the duty to keep the premises safe, and he cannot delegate the duty to give notice of a dangerous condition.

7. SAME—CONTRACT WITH CONTRACTOR—ACTUAL NOTICE OF DANGEROUS CONDITION.

Contract between defendant corporation and painting contractor which gave contractor the duty to provide for safety of its employees, including plaintiff painter who was injured in a fall on defendant's premises, but which did not give actual notice of dangerous condition of roof and skylight *held*, properly excluded from evidence.

8. APPEAL AND ERRROR—INSTRUCTIONS—NEGLIGENCE—SKYLIGHT.

Instructions to jury in negligence action for injuries to plaintiff steeplejack from fall through a skylight on premises of defendant *held*, to have adequately informed the jury on the applicable law reflecting, and reflected by, the various evidentiary claims in the case.

Appeals from Wayne; Kaufman (Charles), J. Submitted Division 1 June 3, 1966, at Detroit. (Docket Nos. 1,062, 1,063.) Decided November 9, 1966. Rehearing denied January 10, 1967. Leave to appeal denied by Supreme Court April 18, 1967. See 379 Mich 759.

Complaints by Walter McCord and Ruth McCord against United States Gypsum Company, an Illinois corporation, for damages caused by an industrial accident in which Walter McCord was injured on the premises of defendant. Liberty Mutual Insurance Company, a Massachusetts corporation, intervened as a party plaintiff. Judgments for plaintiffs. Defendant appeals. Affirmed.

*Atlas, Rowe & Talon,* for plaintiffs.

*Johnson & Campbell,* for intervening plaintiff.

*Alexander, Buchanan & Conklin (John A. Kruse,* of counsel), for defendant.

J. H. GILLIS, P. J.   Defendant, United States Gypsum Company, appeals from jury verdicts and judgments awarding plaintiff,[1] Walter McCord, $57,500 for damages, personal injuries and expenses and $5,000 damages to his wife, Ruth McCord.

Plaintiff Walter McCord was employed by Century Painting Company as an experienced steeplejack. Century had contracted with the defendant to paint two overhead tramways at the defendant's plant. While painting the tramways plaintiff found it necessary to go on the plant roof where he stepped on a skylight and fell 30 or 40 feet to the floor below.

It was plaintiff's contention that the skylight was built into the roof in such a manner that it appeared to be a portion of the roof, and dust and dirt totally prevented him from observing the skylight. Plaintiff further claimed that as an invitee[2] he was entitled to a warning by defendant of this dangerous condi-

[1] Subsequent to judgment, Walter McCord expired and this appeal is continued by his wife as administratrix.

[2] On appeal defendant does not challenge plaintiff's claim that he was an invitee.

tion and in the absence of such warning the defendant is liable for his injuries.

Defendant denied there was any dust or dirt on the roof or skylight, alleged that the skylight was easily visible to the plaintiff, and thus there was no duty to warn the plaintiff of this obvious condition.

A property owner is under a duty to inform an invitee of any known dangerous condition on his property or one discoverable by use of reasonable care.

"There is no liability, however, for harm resulting from conditions from which no unreasonable risk was to be anticipated, or those which the occupier did not know and could not have discovered with reasonable care. The mere existence of a defect or danger is not enough to establish liability." *Kroll* v. *Katz* (1965), 374 Mich 364, 373, citing Prosser, Torts (2d ed), p 459.

In the present case the condition of the roof was dangerous only if the skylight was obscured by dust and dirt or was built into the roof in such a manner that it appeared to be a portion of the roof. The testimony as to the visibility of the skylight was in conflict, and this presented a question of fact for the jury. This Court will not substitute its judgment for the jury's on questions of fact unless the proof clearly preponderates in the opposite direction.

Defendant's next contention raises a question that is *res nova* before this Court. Defendant claims that the independent contractor had notice of the condition of the roof and this discharged the defendant's duty to notify the employees of the contractor of this dangerous condition. Prior to a determination of this question, it is necesary to find if notice was given to the independent contractor. A reading of the record discloses that at no time was notice orally given to Century by the defendant.

The contract entered into between Century and defendant provided, in part:

"It shall be the duty of CONTRACTOR to provide for the safety of, and prevention of accident or injury to, CONTRACTOR, his subcontractors and the employees, agents and invitees of any of them * * * by carefully inspecting said premises * * * for any and all dangerous conditions or activities in, on or about said premises and by giving said persons such notice of dangerous conditions and activities."

This contract was not allowed in evidence. The defendant admitted the contract gave no notice of the condition of the roof and skylight but claims the contract discharged its duty to notify Century of such conditions and therefore the contract should have been admitted in evidence.

"It is generally agreed that the obligation as to the condition of the premises is of such importance that it cannot be delegated." Prosser, Torts (2d ed), § 61, p 404.

If the owner cannot delegate the duty to keep the premises safe, can he delegate the duty to give notice of a dangerous condition? The Michigan Supreme Court has stated:

"If the proprietor knows or reasonably should know of a dangerous condition on his premises, he may become liable for injury resulting therefrom, and he may not delegate his responsibility to another and thus escape his liability." *Bradley* v. *Burdick Hotel Co.* (1943), 306 Mich 600, 604.

The contract failed to give notice of the condition and defendant could not delegate the duty to give notice. Therefore, there was no error in excluding this contract from evidence. Since notice was not given to the independent contractor, this Court need

not decide the issue of whether notice to the independent contractor is notice to its employees. The duty to inform the plaintiff of this dangerous condition has been breached and the defendant is liable for the resulting injuries.

Defendant's final contention is that the trial court erred in its instructions to the jury. A reading of the instructions discloses that on two occasions the trial judge stated that the roof and skylight were defective, implying that the skylight was not readily observable. On both occasions the court corrected its error by stating:

"This of course, is a factual issue for you to determine. * * * You * * * the jury, are the sole judges of the facts * * * it was the duty of the plaintiff to exercise a reasonable degree of care for his own safety, and to see that which would be obvious to him upon the ordinary use of his senses."

In *Huffman* v. *First Baptist Church of Flushing* (1959), 355 Mich 437, 446, the Michigan Supreme Court stated:

"The job of an appellate court * * * is not to determine whether we would select his instructions as models of literary excellence and pearls of legal wisdom * * * rather our role is mercifully more limited and our test less severe, namely: Did the instructions as given adequately inform the jury on the applicable law reflecting and reflected by the various evidentiary claims in the particular case?"

The instructions when read as a whole meet the above standards and therefore no reversible error was committed.

Judgment affirmed. Costs to appellee.

Fitzgerald and Quinn, JJ., concurred.