■ JOHN AZOLTOVIC, Respondent, v. GEORGE A. FULLER CO. et al., Appellants, and BRENNAN & SLOAN et Ano., Defendants.— Judgment, Supreme Court, New York County, entered December 18, 1972, so far as appealed from, unanimously reversed, on the law, without costs and without disbursements, and the complaint dismissed as to defendants-appellants. During the course of construction of a building, plaintiff-respondent, employee of a subcontractor, was instructed by his foreman to secure all objects on a six-level scaffolding because of expectation of a high wind. He did so, wearing an aluminum helmet, and climbing the six levels, at the top of which he saw, on the roof of the adjacent building, part of the same construction project, pieces of plywood and other debris. On his return to the lowest level, while he was seeking a means of return into the building, he was struck by some unidentified object and rendered unconscious. On regaining consciousness, he saw a heavy piece of plywood near him, identified by resemblance only to those seen on the roof next door. There is no other evidence as to how it got to where it was found. Defendants-appellants are the general contractor and a subcontractor, not plaintiff's employer. It will be assumed for the purpose of this discussion that these circumstances provide a basis for an inference that plaintiff was struck by the plywood, that it came from the roof, placed there by an employee of defendants, and blown to the scaffold by the wind. We do not conceive it to have been foreseeable, either as constituting ordinary negligence or as fulfillment of an obligation to provide a safe place to work, that a heavy piece of plywood would have been lifted off a roof by the wind, carried over a four-foot parapet wall, and caused to descend in such fashion as to be guided under the overhang of the lowest scaffold level, there to cause damage and injury. There is no proof of dereliction of duty, whether common law or statutory, by either defendant. If we did not dismiss, we would reverse and direct a new trial as against the weight of the credible evidence. Concur — Stevens, P. J., Markewich, Kupferman, Steuer and Macken, JJ.

■ ROBERT GREEN, as Administrator of the Estate of GERARD GREEN, Deceased, Respondent, v. MANHATTAN COACH LINE, INC., Also Known as MANHATTAN TRANSIT Co., et al., Appellants.— Judgment, Supreme Court, New York County, entered on February 16, 1973, unanimously reversed, on the law and on the facts, and a new trial granted solely on the issue of damages, with $60 costs and disbursements of this appeal to abide the event, unless the plaintiff-respondent, within 20 days of service upon him by the defendants-appellants of a copy of the order entered hereon, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict to $40,000 and to the entry of an amended judgment in accordance therewith, in which event the judgment, as so amended and reduced, is affirmed, without costs and without disbursements. In our opinion the verdict as reduced by the court in this death action is still excessive and a judgment in excess of the amount indicated is not warranted on this record. Concur — Stevens, P. J., Markewich, Kupferman, Steuer and Macken, JJ.