## SPENCER v FORD MOTOR COMPANY

Docket Nos. 68858, 70317. Submitted February 6, 1984, at Detroit.—
Decided March 18, 1985.

Plaintiff Robert Spencer was employed by a Union 76 automotive
service station. In May of 1977, he was injured while he was
attempting to replace a repaired tire back onto a truck. While
attempting such act, the multi-piece rim on which the tire was
mounted explosively disengaged resulting in severe injury to
him. Plaintiffs, Robert and Rebecca Spencer, then brought an
action in the Wayne Circuit Court against defendants, Ford
Motor Company, the truck's manufacturer, and Firestone Tire
& Rubber Company, the wheel's manufacturer. Ford's motion
for a summary judgment was granted by the trial court, James
E. Mies, J., which ruled that Ford had no duty with respect to
the design of the wheel rim, and that any breach of duty by
Ford was not a proximate cause of Mr. Spencer's injury. In
Docket No. 68858, the plaintiffs appeal from the order granting
the summary judgment. Defendant Firestone sought a partial
summary judgment on plaintiffs' breach of duty to warn claim.
The trial court denied the motion after finding that an expert's
testimony about micrometers used in checking wheel rims
might present a factual issue for the jury. In Docket No. 70317,
Firestone appeals from the order denying a summary judg-
ment. The Court of Appeals consolidated the appeals. *Held:*

1. Plaintiffs' contention that Ford should be liable for a wheel
rim component added subsequent to distribution of the Ford
vehicle has no support in Michigan case Law. Therefore, plain-
tiffs' claims of negligence and breach of implied warranty as a
result of Ford's design and sale of an allegedly defective vehi-
cle, and failure to recall the vehicle, must fail.

2. Plaintiffs' claim alleging negligence and breach of implied

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 73 Am Jur 2d, Summary Judgment § 27.

[2] 63 Am Jur 2d, Products Liability §§ 180, 182, 629.
Manufacturer's responsibility for defective component supplied by
another and incorporated in product. 3 ALR3d 1016.

[3] 63 Am Jur 2d, Products Liability §§ 378, 473, 526.
Liability of manufacturer or seller for injury caused by automobile
or other vehicle, aircraft, boat, or their parts, supplies, and
equipment. 78 ALR2d 460.

warranty as a result of Ford's failure to warn of the danger of the three-piece wheel rims also fails. Plaintiffs failed to establish that Ford's alleged failure to warn of the danger was a cause of plaintiff's injury. Mr. Spencer, by his own testimony, refuted a causal connection between the lack of a warning of the danger of three-piece wheel rims and his injury.

3. There was no evidence presented that a warning by Firestone of the dangers of multi-piece rims would have changed Mr. Spencer's behavior and prevented his injury. Thus, Firestone was entitled to a summary judgment on plaintiffs' failure to warn theory.

4. The trial court's finding that the testimony regarding the micrometer would present a factual issue for the jury was in error. There was no representation that out-of-roundness, as measured by a micrometer, would lead to explosive disengagement. Any factual issue raised with respect to the micrometer was not material, *i.e.,* essential to the case.

Affirmed in part and reversed in part.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — COURT RULES.

A summary judgment should be granted on the ground that, except as to the amount of damages, there is no genuine issue as to any material fact only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law; the trial court granting such a motion must be satisfied that the nonmovant's claim cannot be supported at trial as a result of a deficiency which cannot be overcome (GCR 1963, 117.2[3]).

2. PRODUCTS LIABILITY — AUTOMOBILES — COMPONENT PARTS.

Michigan case law does not hold that a vehicle manufacturer may be held liable for damages caused by defective component parts added to a vehicle subsequent to its distribution.

3. PRODUCTS LIABILITY — NEGLIGENCE — BREACH OF IMPLIED WARRANTY.

Products liability actions grounded in negligence or breach of implied warranty require that a causal connection be shown between the manufacturer's negligence or product defect and the plaintiff's injury.

4. MOTIONS AND ORDERS — SUMMARY JUDGMENT — ISSUE OF MATERIAL FACT — COURT RULES.

A motion for summary judgment based on the ground that there is no genuine issue as to any material fact is erroneously denied when such denial is based on the trial court's belief that certain testimony would present a factual issue for the jury

where any factual issue raised with respect to the testimony would not be material or essential to the case (GCR 1963, 117.2[3]).

*Robert A. Tyler, P.C.* (by *Robert A. Tyler*), for plaintiffs.

*Harvey, Kruse, Westen & Milan, P.C.* (by *John A. Kruse, Dale R. Burmeister* and *Larry W. Davidson*), for Ford Motor Company.

*Butzel, Long, Gust, Klein & Van Zile* (by *Xhafer Orhan* and *Daniel P. Malone*), for Firestone Tire & Rubber Company.

Before: BEASLEY, P.J., and GRIBBS and J. R. ERNST,* JJ.

GRIBBS, J. Plaintiffs appeal from the trial court's grant of summary judgment for defendant Ford Motor Company, pursuant to GCR 1963, 117.2(3), on plaintiffs' products liability action. Defendant Firestone Tire & Rubber Company appeals from the trial court's denial of its motion for partial summary judgment pursuant to GCR 1963, 117.2(3), on plaintiffs' duty to warn theory. We affirm in part and reverse in part.

In May of 1977, plaintiff Robert Spencer was employed by a Union 76 automotive service station. One of his duties was to repair truck tires. An employee of Vegelheim Lumber Company brought a Ford truck to the station to have a flat tire repaired. Plaintiff repaired the tire and reassembled the tire and the multi-piece rim in a safety cage. Such cages are provided because multi-piece rims can explosively disengage. While Robert Spencer was attempting to replace the repaired tire back onto the truck, the multi-piece

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

rim explosively disengaged and injured him. Certain parts of the tire rim assembly were unexplainedly lost, while plaintiff Robert Spencer retained other parts as evidence.

On May 16, 1980, plaintiffs filed a complaint against Ford, the vehicle manufacturer, and Firestone, the wheel manufacturer. Ford was granted summary judgment pursuant to GCR 1963, 117.2(3). The trial court ruled as a matter of law that Ford had no duty with respect to the design of the wheel rim, and that any breach of duty by Ford was not a proximate cause of plaintiff's injury.

Firestone sought partial summary judgment pursuant to GCR 1963, 117.2(3), on plaintiffs' breach of duty to warn claim. The motion was denied by the trial court which found that an expert's testimony about micrometers used in checking wheel rims might present a factual issue for the jury.

Plaintiffs and Firestone appeal from the trial court's determinations and the appeals were consolidated by this Court.

## DEFENDANT FORD

Plaintiffs appeal from the trial court's grant of summary judgment for Ford on plaintiffs' claims of (1) negligence and breach of implied warranty as a result of Ford's design, sale and failure to recall a defective vehicle, and (2) negligence and breach of implied warranty as a result of Ford's failure to warn of the danger of the three-piece wheel rims.

Summary judgment was granted pursuant to GCR 1963, 117.2(3). Summary judgment under this court rule should be granted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Pauley v Hall,* 124 Mich App 255, 262; 335

NW2d 197 (1983), *lv den* 418 Mich 870 (1983). The trial court must be satisfied that the nonmovant's claim cannot be supported at trial as a result of a deficiency which cannot be overcome. *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973).

Plaintiffs based their first negligence and breach of warranty claims on their contention that the Ford vehicle was defective and Ford was thus liable for the design, sale and failure to recall the defective vehicle. Plaintiffs contend that the vehicle was defective because the vehicle could accommodate a dangerous wheel rim. The trial court correctly pointed out that there was no evidence that Ford trucks requried multi-piece rims or were unable to accommodate less dangerous single-piece rims. Plaintiffs also admitted that the multi-piece wheel rim which explosively disengaged was not an original component of the 1965 Ford truck, but was manufactured in 1967.

"Though a vehicle manufacturer may be held liable for damages caused by defective component parts supplied by another entity, *Comstock v General Motors Corp,* 358 Mich 163; 99 NW2d 627 (1959), this duty has not yet been extended to component parts added to a vehicle subsequent to distribution. Assuming the existence of a defect [under either a negligence or breach of implied warranty theory], plaintiff must 'trace that defect into the hands' of the defendant. *Caldwell v Fox,* 394 Mich 401, 410; 231 NW2d 46 (1975). '[T]he threshold requirement of any products liability action is identification of the injury-causing product and its manufacturer.' *Abel v Eli Lilly & Co,* 418 Mich 311, 324; 343 NW2d 164 (1984). Failure of a component not supplied by the manufacturer does not give rise to liability on the manufacturer's part. *Antcliff v State Employees Credit Union,* 95 Mich App 224, 231-233; 290 NW2d 420 (1980), *aff'd* 414 Mich 624; 327 NW2d 814 (1982)." *Cousineau v Ford Motor Co,* 140 Mich App 19, 30–31; 363 NW2d 721 (1985).

Thus, plaintiffs' contention that Ford should be held liable for a wheel rim component added subsequent to distribution of the Ford vehicle has no support in our case law.[1]

Moreover, finding a vehicle defective or a vehicle manufacturer liable simply because the vehicle could accommodate dangerous or defective replacement components manufactured by another would have far-reaching undesirable results. For example, car manufacturers would be liable every time a defective tire blew up because a defective tire fit the vehicle.

Plaintiffs' second negligence and breach of implied warranty claims, based on a failure to warn, also fail. Negligence and breach of implied warranty claims based on a failure to warn involve proof of the same elements. *Smith v E R Squibb & Sons, Inc,* 405 Mich 79, 88; 273 NW2d 476 (1979). Products liability actions grounded in negligence or breach of implied warranty require a causal connection between the maufacturer's negligence or product defect and the plaintiff's injury, *Cova v Harley Davidson Motor Co,* 26 Mich App 602, 609; 182 NW2d 800 (1970), and plaintiffs failed to establish that Ford's failure to warn of the danger of the three-piece rims was a cause of plaintiff's injury.[2]

Plaintiff Robert Spencer was specifically questioned about his awareness of the nature and extent of danger. He stated that he was aware of

[1] Plaintiffs did not set forth a concert of action theory against vehicle and rim manufacturers as did the plaintiffs in *Cousineau, supra.*

[2] Plaintiffs' failure to warn argument centers on Ford's duty to warn of the danger of the three-piece wheel rims. Although we do not discuss whether or not Ford had a duty to warn of the danger of another manufacturer's replacement component, but dispose of plaintiffs' claim on the lack of a causal connection, we do not imply that we accept plaintiffs' argument that Ford had such a duty to warn.

the cause of the explosive disengagement and indicated that if he had read a warning with respect to the danger he would still have followed precisely the same repair procedures. After the accident, he continued to change tires following the same procedure he had followed before the accident despite his awareness of the risk. Thus, by his own testimony, plaintiff refuted a causal connection between the lack of a warning of the danger of three-piece wheel rims and plaintiff's injury.

Thus, Ford was entitled to summary judgment on plaintiffs' negligence and breach of implied warranty claims based on defective product and failure to warn theories.

### Defendant Firestone

Plaintiffs' complaint alleged that Firestone had a duty to warn of the danger of the multi-piece rim. Firestone argued that there was no genuine material issue of fact and moved for summary judgment pursuant to GCR 1963, 117.2(3). The trial court denied Firestone's motion, finding that an expert's testimony about a micrometer used to determine if a rim base was "out of round" might present a factual issue for the jury.

As discussed above with respect to defendant Ford, the dispositive issue under either a negligence or breach of implied warranty theory in this case is the lack of a causal connection between Firestone's failure to warn and plaintiff's injury. There was no evidence presented to show that a warning would have changed plaintiff's behavior and prevented his injury. Plaintiff's own testimony revealed that a warning would have made little difference. Thus, Firestone was entitled to summary judgment on plaintiffs' failure to warn theory.

The trial court's finding that the testimony regarding the micrometer would present a factual issue for the jury was in error. There was no representation that out-of-roundness, as measured by a micrometer, would lead to explosive disengagement. Plaintiff was aware of the danger of disengagement and knew that the wheel rim had to be properly seated to prevent such an occurrence. He could determine whether proper seating occurred by looking at the wheel. If the rim were not properly seated, he might be able to use the micrometer to ascertain *why,* but this would not be relevant to his awareness to danger. For this reason, any factual issue raised with respect to the micrometer would not be material, *i.e.,* essential to the case. Black's Law Dictionary (4th ed), p 1128.

Affirmed in part and reversed in part.