STABNICK v WILLIAMS PATROL SERVICE

Docket No. 85441. Submitted January 16, 1986, at Detroit. Decided March 5, 1986. Leave to appeal denied, 425 Mich 873.

Gerald A. Stabnick was an employee working in the State Plaza Building, for which Williams Patrol Service provided security service. Upon leaving the building on a windy day, Stabnick got wind-blown debris in his eyes, causing loss of vision in one eye and reduced vision in the other. Stabnick and his wife, Sandra A. Stabnick, brought an action against Williams Patrol Service in the Wayne Circuit Court, alleging that defendant breached its duty by failing to warn Stabnick of the danger from gusty wind and that the breach was a proximate cause of Stabnick's injury. The court, Richard C. Kaufman, J., granted summary judgment, holding that defendant owed no duty to Stabnick. Plaintiffs appealed. *Held:*

A landowner owes no duty to warn an invitee of unknown particles that may be carried by the wind.

Affirmed.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM — COURT RULES.

A motion for summary judgment for failure to state a claim for which relief can be granted is tested by the pleadings alone and tests the legal basis of the complaint, not whether it can be factually supported; the factual allegations of the complaint are taken as true, along with any inferences or conclusions which may be fairly drawn from the facts alleged and, unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion should be denied (GCR 1963, 117.2[1]; MCR 2.116[C][8]).

REFERENCES

Am Jur 2d, Negligence §§ 108, 119, 159, 181, 216.

Am Jur 2d, Premises Liability §§ 23-34, 262.

Admissibility of nonexpert opinion testimony as to weather conditions. 56 ALR3d 575.

See also the annotations in the ALR3d/4th Quick Index under Negligence; Premises Liability.

2. NEGLIGENCE — DUTY — QUESTIONS OF LAW.

Whether the defendant owes the plaintiff a duty is a question of law for the court to decide.

3. NEGLIGENCE — LANDOWNERS — DUTY — INVITEES.

An owner or occupier of land owes a duty to an invitee to exercise reasonable care not to injure the visitor by negligent activities, to warn the visitor of known dangers, to inspect the premises to discover possible dangers of which he is unaware and to take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement or use.

4. NEGLIGENCE — LANDOWNERS — DUTY — WIND.

A landowner owes no duty to warn an invitee of unknown particles that may be carried by the wind.

*Garrett & Rogers, P.C.* (by *Jon R. Garrett*), for plaintiff.

*Minnet & Bakken* (by *David M. Bakken*), for defendant.

Before: D. F. WAHLS, P.J., and CYNAR and N. J. KAUFMAN,* JJ.

PER CURIAM. On May 17, 1985, a Wayne Circuit Court judge granted the defendant's motion for summary disposition after ruling that the plaintiffs failed to state a cause of action, MCR 2.116(C)(8). Plaintiffs appeal from the May 30, 1985, order entered on the ruling which dismissed plaintiffs' complaint with prejudice. In their complaint, the plaintiffs alleged that plaintiff Gerald A. Stabnick was an employee working in the State Plaza Building located in Detroit and that defendant, Williams Patrol Service, provided security services for the building. The plaintiffs claimed that on April 30, 1984, there were strong gusty winds. When the plaintiff exited from the State Plaza Building, the wind blew debris which

---

* Former Court of Appeals Judge, sitting on the Court of Appeals by assignment.

blinded him and caused a loss of vision in his left eye and aggravated a pre-existing condition in his right eye, thereby reducing his vision in the right eye.

The plaintiffs filed their complaint alleging that the defendant breached its duty owed to the plaintiff by failing to warn the plaintiff of the danger from the gusty wind, which directly resulted in the plaintiff's injury.

The defendant filed a motion for summary disposition under MCR 2.116(C)(8). The lower court found that the defendant owed no duty to the plaintiff and granted the defendant's motion.

Plaintiffs claim that the trial court erred in ruling as a matter of law that the defendant owed no duty to plaintiff.

The standard of review for a motion for summary judgment under GCR 1963, 117.2(1), now MCR 2.116(C)(8), is stated in *Rodis v Herman Kiefer Hospital,* 142 Mich App 425, 427-428; 370 NW2d 18 (1985). The *Rodis* Court stated:

> The grant or denial of a motion for summary judgment under subrule 117.2(1) tests the legal basis of the complaint. The reviewing court must rely on the pleadings alone and assume that the factual allegations in the complaint are true, along with any inferences which may be drawn from those facts. The motion should be granted only when the claim is so unenforceable as a matter of law that no factual development could possibly justify a right to recovery. *Blank v Consolidated Rail Corp,* 129 Mich App 535, 543; 342 NW2d 599 (1983), *Aisner v Lafayette Towers,* 129 Mich App 642, 645-646; 341 NW2d 852 (1983), lv den 419 Mich 880 (1984).

The plaintiffs argue that the defendant is liable for the plaintiff's eye injuries because the defen-

dant provided security for the building. We disagree.

Whether a duty is owed by the defendant to the plaintiff is a question of law for the court to decide. *Fisher v Johnson Milk Co, Inc,* 383 Mich 158; 174 NW2d 752 (1970); *Moning v Alfono,* 400 Mich 425, 437; 254 NW2d 579 (1977), reh den 401 Mich 951 (1977). The duty of a landowner or an occupier is delineated in *Conerly v Liptzen,* 41 Mich App 238; 199 NW2d 833 (1972), lv den 388 Mich 779 (1972), where the Court stated:

"The occupier is not an insurer of the safety of invitees, and his duty is only to exercise reasonable care for their protection. But the obligation of reasonable care is a full one, applicable in all respects, and extending to everything that threatens the invitee with an unreasonable risk of harm. The occupier must not only use care not to injure the visitor by negligent activities, and warn him of latent dangers of which the occupier knows, but he must also inspect the premises to discover possible dangerous conditions of which he does not know, and take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement or use." (Prosser, Torts [3d ed], § 61, pp 402-403; footnotes omitted; see also, *Lipsitz v Schechter,* 377 Mich 685 [142 NW2d 1] [1966], *infra.*) [*Id.,* pp 241-242.]

However, there is no duty to warn of unforeseeable dangers. *McNeal v Henry,* 82 Mich App 88; 266 NW2d 469 (1978).

The key here is whether the gusty wind was a foreseeable danger about which the defendant had a duty to warn the plaintiff. The plaintiffs' complaint only alleged that the defendant knew or should have known of the danger from the gusty wind. Although the plaintiffs argue that other

people had been injured from the wind, there is no such allegation in the complaint. Wind is a natural unpredictable condition. Whether wind becomes dangerous is unpredictable and unforeseeable. Thus, there can be no duty to warn the plaintiff of some unforeseeable danger.

Further, there is no allegation that the debris was from some accumulated pile of debris on the property in question. The debris came from some unknown place and was carried by the wind. There is no duty to warn an invitee of unknown particles that may be carried by the wind.

Plaintiffs' reliance on *McCord v United States Gypsum Co,* 5 Mich App 126; 145 NW2d 841 (1966), lv den 379 Mich 759 (1967), and the *Conerly* case is misplaced because both cases are factually distinguishable. Here, the defendant owed no duty to warn plaintiff about an unforeseeable, sudden, erratic, and unpredictable gusty wind.

The remaining issue raised by plaintiffs is without merit.

Affirmed. We retain no further jurisdiction.