BERRY v J & D AUTO DISMANTLERS, INC

Docket No. 133131. Submitted April 7, 1992, at Detroit. Decided April
30, 1992; approved for publication August 13, 1992, at 9:15 A.M.

David G. Berry, as personal representative of the estate of Gary
M. Berry, deceased, and Barbara S. Berry brought an action in
the Wayne Circuit Court against J & D Auto Dismantlers, Inc.,
alleging premises liability relating to the decedent's accidental
death in the defendant's junkyard. The decedent had been a
regular customer of the junkyard, purchasing parts he removed
from automobiles in the junkyard without supervision from the
defendant. He sustained fatal injury when crushed underneath
an automobile that he had raised by using two bumper jacks he
obtained from other automobiles in the junkyard instead of
other lifting devices made available by the defendant. The
court, Thomas J. Foley, J., granted summary disposition for the
defendant, ruling that there existed no genuine issue of mate-
rial fact and that the defendant was entitled to judgment as a
matter of law. The plaintiffs appealed.

The Court of Appeals *held:*

1. Summary disposition was not precluded by the existence of
a factual issue with respect to whether the decedent was a
licensee or an invitee of the defendant. Assuming that the
decedent was an invitee, the defendant's duty would have been
to disclose known defects on the premises that the decedent
was unlikely to discover on his own. Because the risks of using
bumper jacks at the defendant's premises were known to the
decedent, the defendant could not have been under a duty to
warn the decedent of those risks.

2. The proximate cause of an injury is ordinarily a question
for the trier of fact. However, where reasonable minds cannot
differ regarding the proximate cause of an injury, as in this
case, the trial court may make a ruling with respect to proxi-

REFERENCES

Am Jur 2d, Negligence §§ 78, 434, 443, 444, 446, 456; Premises
Liability §§ 136-140, 142, 144, 153; Trial § 781.

Modern status of the rule absolving a possessor of land of liability
to those coming thereon for harm caused by dangerous physical
conditions of which the injured party knew and realized the risk.
35 ALR3d 320.

mate cause as a matter of law. Because the defendant could not have reasonably foreseen the decedent's use of the bumper jacks, given that other lifting devices were available for the decedent's use, the trial court did not err in determining that the defendant's alleged negligence in permitting jacks to remain in scrapped vehicles was not the proximate cause of the decedent's death.

3. Summary disposition was not precluded by the existence of a factual question regarding whether the defendant's alleged violation of a city ordinance governing the stacking or piling of materials in a junkyard constituted actionable negligence. Because the decedent's death was in no way caused by the stacking or piling of automobiles, any violation of the ordinance would not have constituted negligence.

Affirmed.

1. NEGLIGENCE — ACTIONS — SUMMARY DISPOSITION.

   Summary disposition for a defendant in an action for negligence is proper where reasonable persons would agree that the injury caused to the plaintiff was too insignificantly connected to or too remotely affected by the defendant's alleged negligence.

2. NEGLIGENCE — PREMISES LIABILITY — BUSINESS INVITEES.

   A landowner's duty to a business invitee is to disclose known defects that the invitee is unlikely to discover.

3. NEGLIGENCE — PROXIMATE CAUSE — QUESTION OF FACT OR LAW.

   The proximate cause of an injury is ordinarily a question for the trier of fact; however, where reasonable minds cannot differ regarding the proximate cause of an injury, the trial court may determine proximate cause as a matter of law.

*Law Offices of Lee B. Steinberg, P.C.* (by *Barry N Schlussel*), for the plaintiffs.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Janet G. Callahan*), for the defendant.

Before: WEAVER, P.J., and SULLIVAN and CORRIGAN, JJ.

PER CURIAM. In this premises liability action, plaintiffs appeal as of right an order granting summary disposition to defendant pursuant to MCR 2.116(C)(10). We affirm.

Plaintiffs' decedent, Gary M. Berry (hereafter plaintiff), was killed in an accident on defendant's premises on October 5, 1987. Defendant operates an automobile scrap yard and salvage operation in Wayne, Michigan. Plaintiff, a part-time mechanic, frequently purchased spare parts from defendant. On other occasions, he was permitted to remove parts from the yard without paying for them. He was quite familiar with the premises and was allowed to move around unescorted.

On the date of the accident, plaintiff went to defendant's scrap yard to obtain a battery cable for a Chrysler Cordoba, which he identified to defendant's employees only as "a Chrysler." He told the owner he had no money, but was allowed to go into the yard anyway.

Battery cables can usually be removed from a Chrysler vehicle from above, once the hood is open, but the Cordoba is an exception. The cables must be removed from underneath the car. Defendant owned both a "hi-lo truck" and another piece of equipment known as a "bobcat," either of which could be used to raise a car body off the ground. Plaintiff, however, did not ask for defendant's assistance in raising the Cordoba. Rather, without defendant's knowledge, he obtained two "bumper jacks" from other cars in the yard and used them to elevate the front of the car. None of defendant's employees observed plaintiff's actions or helped him to raise the vehicle. Plaintiff was killed when one of the jacks slipped from under the car body, which fell on him and crushed his chest.

Plaintiffs brought the present action, alleging various counts of negligence against defendant. Following discovery, defendant moved for summary disposition pursuant to MCR 2.116(C)(10) (no genuine issue of material fact). The trial court granted the motion. "[Defendant's employees] had

no knowledge of what happened [after plaintiff went out into the yard]. There is no evidence of any knowledge. . . . [T]here was no notice that there was a dangerous condition on this lot . . . . "

A motion under MCR 2.116(C)(10) tests the factual support for a claim. It is properly granted only if it is impossible for the nonmovant's claim to be supported by evidence at trial because of some deficiency that cannot be overcome. *Perez v KFC Nat'l Management Co, Inc,* 183 Mich App 265, 267; 454 NW2d 145 (1990). The party opposing the motion, however, has the burden of showing a genuine issue for trial. *Mirza v Maccabees Life & Annuity Co,* 187 Mich App 76, 80; 466 NW2d 340 (1991). MCR 2.116(G)(4). The reviewing court must determine whether the kind of record that might be developed would leave open an issue of fact upon which reasonable minds might differ. *Wert v Afton,* 190 Mich App 3, 4; 475 NW2d 403 (1991). If all reasonable persons would agree that "the injury caused [to] plaintiff was too insignificantly connected to or too remotely affected by the defendant's negligence," summary judgment is proper. *Davis v Thornton,* 384 Mich 138, 142-143; 180 NW2d 11 (1970). In addition, there is no error if summary disposition of a factual issue is granted if that issue is not material to decision of the case. See *Spencer v Ford Motor Co,* 141 Mich App 356, 363; 367 NW2d 393 (1985).

On appeal, plaintiffs assert that three genuine issues of material fact preclude summary disposition. We disagree.

I

Plaintiffs first claim that the court should have allowed the jury to decide if plaintiff was a business invitee or a mere licensee. It is basic to the

concept of "business invitee" that the presence of the plaintiff on the defendant's premises be intended to benefit the landowner as well as the visitor. There must be some benefit conferred on the landowner. See, e.g., *Gage v Ford Motor Co,* 102 Mich App 310, 318; 301 NW2d 517 (1980); *Leveque v Leveque,* 41 Mich App 127, 130-132; 199 NW2d 675 (1972). Because plaintiff's presence was intended solely for his own benefit, not defendant's, he is properly considered a licensee. In any case, plaintiff's status at the time of the accident is not necessary for decision of this case. A landowner's duty to a business invitee is to disclose known defects that the visitor is unlikely to discover on his own. *Miller v Miller,* 373 Mich 519, 524; 129 NW2d 885 (1964). "The mere existence of a defect or danger is not enough to establish liability." *McCord v United States Gypsum Co,* 5 Mich App 126, 129; 145 NW2d 841 (1966), citing *Kroll v Katz,* 374 Mich 364, 373; 132 NW2d 27 (1965), and Prosser, Torts (2d ed), p 459.

The present case is complicated because plaintiffs cannot identify the alleged "defect" on defendant's property. Initially, plaintiffs complained of the presence of unsafe bumper jacks. On appeal, however, this argument has been abandoned. Plaintiffs now allege that the "inherent muddiness of the unlevel ground" made the use of jacks dangerous. This Court need not consider an argument raised for the first time on appeal. *Bloemsma v Auto Club Ins Ass'n (After Remand),* 190 Mich App 686, 692; 476 NW2d 487 (1991).

It is plain that plaintiff's use of the jacks, not the jacks themselves, created the "hazard" (to the extent that one existed) on defendant's property. Plaintiff, a mechanic and regular visitor to defendant's salvage yard, knew the risks of using bumper jacks to elevate an automobile body. Rea-

sonable minds could not find that the jacks presented a "hidden" danger of which plaintiff should have been warned, even if he were found to be a business invitee.

## II

Plaintiffs next contend that a factual question exists regarding whether defendant owed a duty to plaintiff to foresee the danger of plaintiff's using the bumper jacks to raise the Cordoba. The existence of a legal duty is a question of law for the court to decide. *Moning v Alfono,* 400 Mich 425, 436-437; 254 NW2d 759 (1977). Closely related to the question of duty is that of proximate cause. *Balcer v Forbes,* 188 Mich App 509, 511; 470 NW2d 453 (1991). "Both duty and cause depend on foreseeability—whether it is foreseeable that the actor's conduct may create a risk of harm to the victim, and whether the result of that conduct and intervening causes were foreseeable." *Johnson v Bobbie's Party Store,* 189 Mich App 652, 660; 473 NW2d 796 (1991).

Ordinarily, the determination of proximate cause is left to the trier of fact, but "if reasonable minds could not differ regarding the proximate cause of the plaintiff's injury, the court should rule as a matter of law." *Vsetula v Whitmyer,* 187 Mich App 675, 682; 468 NW2d 53 (1991). See also *Richards v Pierce,* 162 Mich App 308, 317; 412 NW2d 725 (1987).

No Michigan case is squarely on point. Defendant relies on *Murday v Bales Trucking, Inc,* 165 Mich App 747; 419 NW2d 451 (1988), which is instructive although not dispositive. In *Bales,* a child was injured when a pile of sand collapsed on her as she was digging a tunnel into it. She sued, alleging that the sand pile was an attractive nui-

sance. The plaintiff argued that because the defendants knew that children played on their property, they should have known that the children were digging in the sand pile and acted accordingly. *Id.* at 748-749, 753.

This Court affirmed the grant of summary disposition to the defendant:

> [B]efore a defendant can be said to have tolerated or acquiesced to conduct of a third party unrelated to him, he must know or have reason to know of such a condition. . . .
>
> [P]laintiff reasons that because defendants knew children played there [on defendant's property] it is reasonable to conclude that defendants should have also recognized that the land, which was used for excavating purposes, presented an unreasonable risk of harm. We are not persuaded . . . . [*Id.* at 753].

Two cases from other jurisdictions also illustrate how proximate cause may be decided as a matter of law.

In *Holbrook v Peric,* 129 Ill App 3d 996; 85 Ill Dec 163; 473 NE2d 531 (1984), the plaintiff was injured when his car struck a truck. The truck was last in a procession of three trucks that were sweeping the shoulder of an expressway near Chicago; the truck was stopped on the shoulder at the time. The plaintiff alleged that he had insufficient warning of the truck's presence, despite its several lights and warning signs. *Id.* at 997-998. His theory was that a sign on the truck's tailgate caused him to become "disoriented" and strike the truck. The court upheld the trial court's grant of summary disposition, holding that reasonable minds could only conclude that the defendant's alleged acts were not the proximate cause of the plaintiff's

injury. The court also rejected the contention that the doctrine of comparative negligence "diminishes the need to protect remotely negligent defendants from liability," noting that if the case had been tried, "the court would have been required to direct a verdict in favor of defendants based on proximate cause." *Id.* at 1001.

*Sharp v Fairbanks North Star Borough,* 569 P2d 178 (Alas, 1977), also presented a foreseeability question. The plaintiff was a child who was on his way home from an athletic event that the defendant school district had allowed him to participate in, but had not sponsored. *Id.* at 180. The plaintiff went out for lunch with a classmate and his mother; they stopped at a filling station, where the mother told the boys to pump the gas. Fuel spilled on the plaintiff's clothing, which his friend then intentionally ignited, injuring the plaintiff. After settling with the mother, the plaintiff sued the school district, alleging that its lack of supervision over the tournament had led to his injuries. The court held, as a matter of law, that the actions of the classmate's mother "constituted an unforeseeable superseding cause" and that the school district was not liable as a matter of law. *Id.* at 184.

In the present case, plaintiff's use of the bumper jacks to raise the Cordoba body was not reasonably foreseeable by defendant. Deposition testimony revealed that bumper jacks were not used by defendant's employees or other customers because a hydraulic jack was available. The owner provided an affidavit that he had never known plaintiff to use bumper jacks to elevate a car body and that he had no notice that plaintiff would need to raise the unidentified Chrysler to obtain the desired part. Defendant could not have reasonably predicted plaintiff's unusual course of action. Defendant's alleged negligence in permitting the

jacks to remain in the scrapped vehicles cannot have been the proximate cause of plaintiff's death.

Further, Michigan recognizes a duty on the part of an adult plaintiff to exercise reasonable care for his own safety and protection; see SJI2d 10.04 ("It was the duty of the plaintiff, in connection with this occurrence, to use ordinary care for his own safety . . . ."). See also *Jaworski v Great Scott Supermarkets, Inc,* 403 Mich 689, 700; 272 NW2d 518 (1978); *Wigginton v Lansing,* 129 Mich App 53, 61; 341 NW2d 228 (1983). As the Court said in *Hale v Cooper,* 271 Mich 348, 354; 261 NW 54 (1935):

> [D]efendants were entitled to assume that others using the highway in question would under the circumstances at the time use reasonable care themselves and take proper steps to avoid the risk of injury.

See also *Sheahan v Northeast I R C R Corp,* 212 Ill App 3d 732; 156 Ill Dec 816; 571 NE2d 796 (1991) (defendant railroad not required to anticipate that the plaintiff's decedent would disregard warning at gate crossing).

### III

Finally, plaintiffs claim that a factual issue arises regarding whether defendant's alleged violation of a City of Wayne ordinance, 832.15(B), constitutes "evidence of negligence." This argument is without merit. The ordinance regulates "the stacking or piling of material within [a] junk yard," requiring that it "not endanger . . . customers . . . ." Plaintiff's death was not caused in any way by the "stacking or piling" of material. A jury could not possibly find that defendant's alleged

violation of the ordinance was even evidence of negligence. Further, violation of an ordinance has no bearing on the question of duty. *Ward v Frank's Nursery & Crafts, Inc,* 186 Mich App 120, 135; 463 NW2d 442 (1990).

No material factual issues remain for consideration. Summary disposition was properly granted.

Affirmed. Costs to defendant.