I find no Alabama case involving an injury resulting from being struck by a wind-blown object. Other courts have recognized that the wind is inherently unpredictable and have required something more than the mere failure to secure objects weighing "about 60 pounds" before there is liability for injury caused by an object that is "gone with the wind."[1]Azoltovic v. George A. Fuller Co., 42 A.D.2d 543,345 N.Y.S.2d 14 (1973). See Stabnick v. Williams PatrolService, 151 Mich. App. 331, 390 N.W.2d 657 (1986);Resag v. Washington National Insurance Co.,90 Ill. App.3d 971, 46 Ill.Dec. 385, 414 N.E.2d 107 (1980).
I consider this a fact-specific case, because the hospital and the construction company had no prior warning of an approaching windstorm. I would dissent if I thought that the effect of the majority's holding was that when an object weighing "about 60 pounds" located on a landowner's property is lifted by a wind and propelled into a pedestrian using a right-of-way adjoining the landowner's property, it becomes a question for the trier of fact as to whether the landowner had a duty to secure the object so that it could not be lifted by the wind. If that were the holding, then Alabamians would have a duty to buckle down their porch furniture, their patio plants, their grills, their garden tools, and the myriad of objects on their porches or in their yards, because it would become a fact question as to whether a landowner should have secured these objects weighing "about 60 pounds" if a freak windstorm occurs and lifts one of them and propels it into the property or person of another.
In my opinion, the legal reasoning in Azoltovic is more persuasive than that in the majority opinion in this case. Therefore, I concur in the result.
[1] Ernest Dowson, "Non Sum Qualis Eram."