# STATE OF MICHIGAN

# COURT OF APPEALS

BARBARA D. KOHLMAN,

Plaintiff-Appellee,

UNPUBLISHED
March 20, 2018

v

No. 334825
Macomb Circuit Court
LC No. 2015-000619-NO

ROBERT SPEAR,

Defendant-Appellant.

Before: MURRAY, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals by leave granted the trial court's order granting in part and denying in part defendant's motion for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10) in this premises liability action.[1] We reverse and remand for entry of an order granting summary disposition in favor of defendant.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff initiated this action after she was injured after falling down the basement stairs of 24803 Tuscany (the subject property), in Eastpointe, Michigan during a New Year's Eve party on December 31, 2013. The home is owned by defendant, who at the time of plaintiff's accident was leasing the home to Jolanda Gillich. Gillich is the girlfriend of Bryan Weaver, and plaintiff knew Gillich and Weaver through her then-boyfriend, Randy Day. In her two-count complaint, plaintiff alleged that she fell down the stairway because the stairway did not have a properly affixed handrail, and also as a result of defective lighting over the stairway and landing leading to the stairway. After defendant moved for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10), the trial court granted the motion in part and denied it in part. As relevant to this appeal,[2] the trial court reasoned that genuine issues of material fact existed concerning

---

[1] Only the portion of the trial court's order denying defendant's motion for summary disposition is at issue in this appeal.

[2] The trial court also ruled that defendant did not owe a common law duty of care to plaintiff where he was not in possession and control of the subject premises at the time of plaintiff's fall.

-1-

defendant's duty to plaintiff where the record contained evidence that defendant violated applicable municipal ordinances concerning maintenance of the subject premises. Defendant now appeals by leave granted.

On appeal, defendant contends that the trial court erred in denying his motion for summary disposition where any alleged violations of a municipal ordinance cannot give rise to a duty of care owed by defendant to plaintiff. We agree.

## II. STANDARD OF REVIEW

Defendant moved for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10), and the trial court's denial of the motion implicated both subsections of the court rule. A trial court's decision concerning a motion for summary disposition is reviewed de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

> [A motion for summary disposition pursuant to MCR 2.116(C)(8)] tests the legal sufficiency of a claim and must be determined on the basis of the pleadings alone. All factual allegations supporting the claim and any reasonable inferences that can be drawn from the facts are accepted as true. A motion under MCR 2.116(C)(8) should only be granted when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. [*Lakin v Rund*, 318 Mich App 127, 131; 896 NW2d 76 (2017).]

In *Auto-Owners Ins Co v Campbell-Durocher Group Painting & Gen Contracting, LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2017) (Docket Nos. 331384, 331389, 331802, 331803), slip op at 5, this Court stated, in pertinent part, as follows:

> We review de novo a trial court's decision on a motion for summary disposition. . . . Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. A genuine issue of material fact exists when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party. [Citations and quotation marks omitted.]

Whether a defendant owes a plaintiff a duty is a question of law that this Court reviews de novo. *Fultz v Union-Commerce Assoc*, 470 Mich 460, 463; 683 NW2d 587 (2004).

## III. ANALYSIS

---

See *Merritt v Nickelson*, 407 Mich 544, 552; 287 NW2d 178 (1980). This ruling is not at issue in this appeal.

Where plaintiff has alleged a premises liability claim,[3] she is first required to establish that defendant breached a duty of care to her, and that breach of duty "constituted the proximate cause of [her] damages." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 8; 890 NW2d 344 (2016). At issue in this case is whether defendant owed plaintiff a duty, where he had leased the subject premises to Gillich at the time of plaintiff's fall. In *Ward v Frank's Nursery & Crafts, Inc*, 186 Mich App 120, 123; 463 NW2d 442 (1990), the plaintiff sued the defendants City of East Detroit, Frank's Nursery and Crafts and Pete and Franks Fruit Ranch after she was injured in a slip and fall accident that took place in a public alley or walkway, owned by the city but providing access to both Frank's Nursery and the fruit ranch. This Court concluded that summary disposition was improperly granted in favor of Frank's Nursery with respect to plaintiff's negligence claim where Frank's Nursery demolished a wall separating the alley from its business premises, and thus contributed to the alleged dangerous condition in the alley leading to the plaintiff's fall. *Id*. at 133-134. However, when addressing the grant of summary disposition in favor of Pete and Franks Fruit Ranch, this Court stated, in pertinent part, as follows:

> Pete & Franks Fruit Ranch was also a business operating on premises adjacent to the public alleyway. Because the accident did not occur on its premises, it is not liable to plaintiff on any theory of premises liability. Unlike the case against Frank's Nursery, plaintiff advances no evidence or plausible argument connecting Pete & Franks Fruit Ranch to the condition of the alleyway causing the accident. *Plaintiff's reference to a city ordinance is unhelpful because violation of an ordinance, without more, will not serve as the basis for imposing a legal duty cognizable in negligence theory. Although violation of an ordinance may be evidence of negligence, this has little or no bearing upon the purely legal question whether defendant owes plaintiff a duty in the first place.* We can, however, conceive of instances where an ordinance may impose a duty on an actor depending upon the relationship of the parties. The case before us, though, does not present one of those instances. Accordingly, summary disposition in favor of defendant Pete & Franks Fruit Ranch is affirmed. [*Id*. at 134-135 (citation omitted; emphasis added).]

This Court has subsequently reaffirmed this principle of law concerning municipal ordinances as they relate to the existence of a duty of care. See *Summers v Detroit*, 206 Mich App 46, 52; 520 NW2d 356 (1994) (holding that "[a]lthough violation of an ordinance may be some evidence of negligence, it is not in itself sufficient to impose a legal duty cognizable in negligence[.]"); *Berry v J & D Auto Dismantlers, Inc*, 195 Mich App 476, 485; 491 NW2d 585 (1992) (recognizing that "violation of an ordinance has no bearing on the question of duty[.])"

While the trial court concluded that plaintiff's claims against defendant sounded in premises liability, rather than ordinary negligence, the principle of law that an alleged violation

---

[3] The trial court struck as redundant plaintiff's claim alleging negligence, and this ruling is not at issue on appeal.

of a municipal ordinance will not give rise to a duty of care is still applicable in this case, regardless of whether plaintiff alleges negligence or premises liability. This is because, as this Court has recognized, the elements of a premises liability claim draw on the elements of a negligence claim. "In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 693; 822 NW2d 254 (2012) (citation and quotation marks omitted).

In concluding that defendant owed plaintiff a duty of care, the trial court cited Chapter 6 of the International Property Maintenance Code, adopted by the City of Eastpointe in its Code of Ordinances, which provides, in pertinent part, as follows:

> 601.2 **Responsibility**. The *owner* of the structure shall provide and maintain mechanical and electrical facilities and equipment in compliance with these requirements. A person shall not occupy as *owner-occupant* or permit another person to occupy any *premises* which does not comply with the requirements of this chapter.
>
> * * *
>
> 605.1 **Installation**. All electrical equipment, wiring and appliances shall be properly installed and maintained in a safe and approved manner.
>
> * * *
>
> 605.3 **Luminaires**. Every public hall, interior stairway, *toilet room*, kitchen, *bathroom*, laundry room, boiler room and furnace room shall contain at least one electric luminaire. [Emphasis in original.]

In denying summary disposition pursuant to MCR 2.116(C)(8) and (C)(10), the trial court considered Gillich's deposition testimony, where she stated that when plaintiff fell on December 31, 2013, there were two light bulbs illuminating the stairway where plaintiff fell, one at the top of the stairway, and one at the bottom. The trial court also noted the deposition testimony of Jonathan Miller, another guest at the party, who testified that he did not see a light in the stairway or landing where plaintiff fell and that he could not find a light switch to turn on. The trial court also considered Day's testimony that there was no light on the landing where plaintiff fell, and that the only light illuminating the area came from the kitchen on the second floor, as well as from outside the subject premises. In the trial court's view, these factual discrepancies amounted to genuine issues of material fact that warranted trial on the issue of defendant's duty, and summary disposition pursuant to MCR 2.116(C)(10) was precluded. The trial court also stated that summary disposition pursuant to MCR 2.116(C)(8) was inappropriate where it was not persuaded that further factual development would not justify recovery in favor of plaintiff. However, the trial court's ultimate conclusion that summary disposition should not be granted in favor of defendant was based on the erroneous legal premise that defendant's alleged violation of the municipal ordinances could give rise to a legal duty of care to plaintiff. Where that ruling was incongruent with published authority of this Court, the trial court's ruling was in error.

Where defendant therefore did not owe plaintiff a duty of care, her claims against him are deficient as a matter of law, and summary disposition should be entered in defendant's favor.

## IV. CONCLUSION

We reverse the portion of the trial court's order denying defendant's motion for summary disposition and remand for entry of an order granting summary disposition in favor of defendant. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood

-5-